*MARIGNY vs. STANLEY ET AL.*

APPEAL FROM THE COURT OF THE THIRD DISTRICT,

THE JUDGE OF THE FOURTH PRESIDING.

If the appellant does not comply with the condition upon which the appeal has been granted by giving bond to prosecute the appeal, and suffers a year to elapse, the judgment becomes *res judicata*, and he cannot be relieved either by the District or Supreme Court.

The facts are stated in the opinion of the court, delivered by

*Martin, J.*

The defendants and appellees demand, the dismissal of the appeal, on the ground that it was not regularly taken, and prosecuted within the year, after the judgment was rendered, and the plaintiff and appellant residing within the state.

The judgment was rendered on the 4th of November, 1829, and on the 28th of October, 1830, an order was made for allowing the appeal on bond and security being given. On the 24th of December following, about fifty days after the expiration of one year since the judgment was rendered, the judge of the eighth district, on a suggestion, unsupported by any evidence, that " owing to the great number of defendants and other causes, there had not been notice for the service of the citations, made in order for a prolongation of the return day, on bond and security being given, according to the original order. And which security was accordingly given, and on or before the 17th January following, the citations were all served,

On these facts, the counsel of the appellees has contend-

ed, that the prescription, in case of appeal, is interrupted,
like in the case of any other suit, by the service of the cita-
tions; but that admitting that the allowance of the appeal
interrupts the prescription when the condition on which it is
granted; *i. e.* giving bond with security, is complied with—
it does not when the appellant fails in giving bond within
the year.    On such a failure, the judgment becomes *res judi-
dicata*, at the expiration of the year.    So it did in the pre-
sent case.    Further than the prolongation of the return day
can be granted in no case, but by the supreme court, on
suggestion of the record having been prevented from being
timely returned, by an event beyond the appellant's control,
and on due proof being made of this event.—*Code of Prac-
tice* 883.

In the present case, no evidence was offered of such an
event, and the original order made the appeal returnable to
the first Monday in January; allowing sixty odd days.    The
appellant suffered fifty odd days to elapse before he dreamed
to give bond.    Till this was done, nothing authorized the
clerk to prepare citations or a transcript.    To this circum-
stance it was owing that there was no time left to serve the
citations, and no other.

The appellant's counsel has urged, that the judgment was
signed too soon; *i. e.* on the day it was rendered, and it
has not yet become final :—that it was never notified to the
party ; and the district judge had the right of prolonging the
return day.

Judgments in the district courts bear date of the day on
which they are rendered.    In signing them three days after,
the judge seldom adds a date to his signature.    Sometimes
he signs before the expiration of the three days.    His
signature does not prevent a motion for a new trial within
that period, though it does afterwards, although affixed pre-
maturely ; and the judgment becomes final, in the lower
court, by the lapse of the three days.

MARIGNY
*vs*
STANLEY ET AL.

*If the appellant does not comply with the condition upon which the appeal has been granted, by giving bond to prosecute the appeal, and suffers a year to elapse the judgment becomes res judicata, and he cannot be relieved either by the District or Supreme Court.*

If the judgment be not final, this is rather a reason to demand than to reject a dismissal.

The service or notification of a judgment is necessary to prevent a prayer for a suspensive appeal being made too late, but for no other purpose.

We think the compliance with the condition on which the appeal is allowed, *i. e.* giving bond, is necessary to render the allowance absolute, so as to interrupt the prescription. Through the neglect of the appellant in this case, the judgment became *res judicata*, on the expiration of the year: neither the district judge nor this court, could afterwards relieve the appellant.

Let the appeal be dismissed with costs.