# SUPREME COURT OF LOUISIANA,

#### IN THE

## WESTERN DISTRICT, AT ALEXANDRIA, COMMENCING, OCTOBER, 1842.

~~~~~~~~~~~~~~~~~~~~~~

#### PRESENT :

Hon. FRANÇOIS XAVIER MARTIN.
Hon. HENRY A. BULLARD.
Hon. ALONZO MORPHY.
Hon. EDWARD SIMON.
Hon. RICE GARLAND.

~~~~~~~~~~~~~~~~~~~~~~

JOHN SIBLEY *v.* THE ROMAN CATHOLIC CONGREGATION of NATCHITOCHES.

Where, after obtaining an order allowing him an appeal, plaintiff does not appear to have attempted to avail himself of it by giving bond and security, nor to have taken any steps, until after the expiration of a year from the date of the judgment, to procure a transcript of the record, nor to have made any application to the judge *a quo* for a new appeal, the right of appeal will be lost.

MARTIN, J. On the affidavit of the plaintiff that an appeal had been granted to him in due time, from a judgment against him in the present case, returnable on the first Monday of October, 1831, but that the order of the judge, and the petition on which it was made, have, without any fault of his, been lost, and that the clerk's office has been in vain searched for them, a rule was obtained on

the defendants to show cause why the appeal should not be brought up, returnable on the first Monday of October, 1834. The defendants showed cause. .They aver that they are ignorant whether any appeal was ever granted as stated by the plaintiff; that if any such appeal was granted, the record ought to have been brought up on the return day, to wit, the first of October, 1831 ; that it does not appear whether the plaintiff ever complied with the conditions of the order by giving bond and security, or ever applied to the judge who granted the order for a new one. After obtaining the order for the appeal, the plaintiff does not appear to have attempted to avail himself of it, by giving the bond and security required by law ; nor to have taken any step to have the transcript prepared and filed in this court on the return day, until after the expiration of one year from the rendition of the judgment appealed from ; nor to have made any application to the District Judge for a new appeal. The rule must, therefore, be discharged.

The rule was submitted, without argument.