JOHN MORGAN HALL *v.* E. W. BEGGS—W. W. HANDLIN, Warrantor.

No appeal will lie, except as regards minors, after a year has expired, *to be computed from the day on which the final judgment was rendered.*

A second appeal may be granted when the first has been dismissed without a decision on its merits.

Where an appeal was *taken* in the court *a quo*, the fact that no appellate court existed would not interrupt the prescription. It might be otherwise if there had been no judge in the lower court to grant an appeal.

APPEAL from the Fifth District Court of New Orleans, *Theard,* J.
*Robert Mott* for plaintiff and appellant. *C. Roselius* and *W. W. Hand-lin* for defendant.

HOWELL, J. A motion is made to dismiss the appeal in this case, on the ground that more than one year had elapsed from the signing of the judgment, before the order of appeal was granted, said judgment having been signed on the 24th January, 1863, and said appeal granted September 7th, 1865.

A former appeal was taken on 1st June, 1863; and on the 6th June, 1865, upon a motion to dismiss, this court rendered a judgment dismissing the appeal, on the ground that the record did not contain all the evidence adduced on the trial in the lower court, an omission attributable to appellant; which decree was, on the 25th of the same month, duly recorded in the District court.

Plaintiff, after obtaining an order, on 7th September following, for a second appeal, instituted proceedings contradictorily with the appellee to perfect the record, and he now contends that the first appeal was erroneously dismissed, because it was shown in those proceedings that the defect in the transcript of appeal arose from the act of the appellee, and not the appellant; and that the prescription of one year, established by Art. 593, C. P. did not begin to run until the date of filing the record in the first appeal in 1865, because there was no Supreme Court.

It is clear that we cannot now revise the judgment of this court dismissing the first appeal, as it has become final. The appellant failed to avail himself, at the proper time, of the remedies which the law afforded him, and he cannot get the benefit of them in this proceeding.

As to his second position, the Code of Practice provides that "no appeal will lie, except as regards minors, after a year has expired, *to be computed from the day on which the final judgment was rendered,*" and we can see no reason for exempting this case from the operation of this law. A second appeal may be granted, when the first has been dismissed without a decision on the merits, provided it is claimed within the year after the judgment became final in the lower court. 11 L. 380.

The rule "*contra non valentem agere nulla currit prescriptio*" does not apply in this case, as plaintiff *did act,* in taking his appeal to the Supreme Court, within the legal delay, and citing the appellee to appear here and answer to said appeal; and the fact that there were no judges of the Supreme Court under commission to hold court, or clerk to file the record, does not interrupt the prescription in question. The appellant had al-

ready exercised his right of appeal. In the case of *Griffing* v. *Bowmar*, 3 R. 115, the court say: "We know of no law that recognizes an interruption of the prescription of one year against an appeal; nor do we think the general doctrines in relation to the interruption of prescription apply to such a case." We do not wish to be understood, however, as holding that prescription would not be interrupted, had there been no judge in the lower court to grant an appeal.

The motion must prevail.

It is therefore ordered and decreed, that the appeal herein be dismissed at appellant's costs.