By the Court, McCunn, J.
This action was brought to recover on certain contract notes, payable in merchandise for various amounts, against Richardson & Woods, who were the makers, payable to C. L. Brown, or order, at different dates, on demand. C. L. Brown indorsed the notes in this action to his brother, the plaintiff. On each of the defendants being first served, they appeared separately, and put in separate answers by separate attorneys, denying that there had ever been any demand made of the defendants at any time, for the merchandise as specified in said contracts, and setting up, that at all times, good and sufficient merchandise, as called for by said contracts, was always ready on hand, to fill and discharge said contracts, when any proper demand was made for the same-by describing the quantities required. The complaint showed that these several, contracts were made payable by the defendants jointly or severally. It appeared also,- in *60 this case, at the trial, that this action had heretofore been tried before Judge Campbell, when a verdict was found for the plaintiff against both of the defendants, for $2923.27, on which a judgment, with costs, was entered in his favor. Richardson appealed from that judgment, first to the general term of this court, which affirmed such judgment of the special term, and then to the Court of Appeals. Woods did not appeal.
While Richardson’s appeal was still pending in the Court of Appeals, the plaintiff (by his attorney) issued an execution against Woods’ property, in New York, procured the same to be returned unsatisfied, took supplementary proceedings therein, and procured injunction orders restrained Woods’ tenants from paying him rents. Woods paid Brown the amount of his judgment, including principal, interest and costs, and took from him a satisfaction piece, discharging such judgment and action, against both of the defendants. Notwithstanding that, however, Brown continued the prosecution of the action and the appeals therein to the general term and the Court of Appeals, where the same was argued on his behalf. That court set the judgment in his favor aside and ordered a new trial, with costs to the defendants, to abide the event.
Brown’s attorney after such payment, continued to notice the case for argument, in the Court of Appeals and also in this court at special' and general terms, against Richardson. After the case was reversed in the appellate court, a'motion was made to this court, on behalf of Richardson, to be allowed to put in a supplemental answer, to show the new state of facts occurring since the first answers had been put in, and the court allowed such supplemental answer, without imposing any condition as to costs, and at the same time gave the plaintiff liberty to reply thereto. The plaintiff did reply, but did not deny the payment, or the satisfaction piece, and discharge of *61 the action, but simply set up in addition to the old answer that, the costs on appeal in the'general term of this court, amounting to $135, had not been paid; so.that the case came on to be heard on both issues, to wit, those made by the old complaint and answer, and also the new ones raised by the supplemental answer and reply thereto.
The case being submitted, the court directed the jury to find a verdict for the plaintiff on the main issue made by the original answer, and to assess the damages at $4417.37; to which the defendant excepted. The court also directed the jury to find a verdict for the defendant on the issue made by the supplemental answer; to which the plaintiff’s counsel excepted. It sent the exceptions to be heárd in the first instance at general term, so that the sole question before this court is a question of costs—that is to say whether the $135, the amount of the costs of the general term, of this court on the -first trial should have been paid, before the plaintiff was bound to discontinue the suit. We unanimously think not.
The plaintiff’s claim for any and all costs against either of the defendants became wholly set aside, and vacated by the decisión of the Court of Appeals, reversing the judgment in the court below, in Richardson’s favor, and ordering a new trial, with all costs to abide the event of such new trial. That point ended all questions of costs to either party. With the question of Richardson’s costs for his defense in this action, neither the jury nor the court have any thing to do. Brown voluntarily received the $3340.14, from Woods, when there was no obligation upon him so to do. All the decisions of all our courts on this point in cases " of separate defenses agree; so that Brown must take the consequences of his own voluntary act.
For aught that we know, the question of these costs of appeal may have been settled by the judge who granted *62 the request to interpose a supplemental answer; but be that as it may, that was the proper time to dispose of the question of costs.
Judgment should be ordered for the defendant Richardson, with costs.