Hyman, C. J.
J. Saliba, C. Cavaroe & Co. and Poursine & Bell, creditors of Auguste Titus, the first for the sum of $1,000, with five per cent, interest, from the 5th of August, 1859; the second for the sum of $8,110, with like interest, from the 12th March, 1859; and the third for the sum of $2,726 84, with like interest, from the 9th of July, 1859, obtained attachment on certain property of their debtor; but before they got judgments on their attachments, other creditors of Titus, alleging .that he had absconded from the State to avoid the payment of his debts, procured an order for sequestering his property, and for a meeting of his creditors.
C. Cavaroe, the appointed syndic for the creditors, filed a provisional tableau of the assets of the estate of Titus, and asked that they be distributed among the creditors in accordance therewith.
*346 This tableau represents, that these attaching creditors are to be paid in preference to other creditors, out of the proceeds of the property attached, which, after deducting certain privileges not contested, net the sum of eleven thousand six hundred and nine dollars and forty cents.
Queyrouse & Langsdorff and S. Plassan, creditors, the former for $3,518 26, the latter for $1,267 75, made opposition to the payment by preference of these attaching creditors, alleging that the attaching creditors had not obtained judgment against Titus, the debtor, and therefore were not entitled to preference. They made other opposition not urged in this court.
Judgment was rendered on 23d July, 1861, dismissing their opposition, amending the tableau in other respects, and homologating the tableau so amended.
The opposing creditors have appealed from this judgment. A prior judgment, signed on the 11th of January, 1861, was rendered on the tableau, decreeing its homologation, wherein it was not opposed; and this judgment must have effect, until its reversal be asked for in some manner provided by law. No appeal has been taken therefrom, and until appealed the Court can neither revise nor change it.
There is no provision of law expressly giving a privilege to an attaching creditor.
Article 265 of the Code of Practice provides that the plaintiff, when attaching the property of his debtor, must proceed in the ordinary form to obtain judgment against him, and, on execution, have the property, attached sold to , satisfy the judgment; and this Court has, from this article, and oh the principle that diligence should be favored, decided that the attaching creditor should be paid by preference out of the proceeds of the property attached; on condition, however, that he obtain judgment against his debtor before a cession of property by the debtor to his creditors; that should he fail to get judgment against his debtor before surrender, attachment gave neither privilege nor preference:
Such have been the invariable decisions of this court, from 1811 until the case of Tufts & Hobart v. Casey was decided in 1860.
This is the only judgment conflicting with former decisions, and the reason given therein is insufficient for the subversion of well-settled principles of law.
The proceedings adopted by the creditors against Titus, were authorized by the 6th section of an act entitled “an act supplementary to an act entitled an act relative to the voluntary surrender of property, and to the mode of proceeding as well as for the direction, as for the disposal of debtor’s estate, and for other purposes.” Approved March 29, 1826.
This section provides, that three creditors of an absconding debtor (he being a merchant or trader) might have his property sequestered on their taking a certain oath, that a syndic should be appointed who should be put in possession of the debtor’s property as by way of forced surrender, ■and that in such case all other formalities and rules prescribed by law in matter of voluntary surrender of property should be complied with. •One of these rules is, that all proceedings against the debtor shall be staid, and continued against the syndic. Another is, that no change shall take place after the surrender so as to favor any creditor; but that all the *347 rights of the creditors shall remain in the state they were at in insolvency, and that the property of the debtor shall be divided between the creditors, according to their rank at the time of surrender. See the statute cited, and the act of which it is amendatory. 2 Martin’s Rep. 98; 12 Martin, 32; 5 Rob. Rep. 101; 7 Rob. 61; 3 An. Rep. 582; 6 A. 680; 7 A. 39.
No judgment can, therefore, be rendered in favor of these attaching creditors, so as to give them a preference on the property attached, but subseqently sequestered, without violating statutory provisions, and reversing many decisions of this court.
It is therefore ordered, adjudged and decreed that the judgment of the lower court, dismissing- the opposition of these opposing creditors, be' reversed; that their opposition be sustained; that the preference accorded to the attaching creditors be disallowed; that in that respect the tableau be amended; that after deducting from the amount of the claims of the opposing creditors six-and-a-half per cent., and also six-and-a-half per cent, from $1,239 28 of the claim of Poursine & Bell, (which was allowed by the decree of homologation of the 16th of January, 1861) there be a pro rata dividend of the said sum of $11,609 40 among the creditors named herein; that the syndic pay these creditors as here decided, and that in all other respects the judgment of the District Court be affirmed, the cost of opposition and appeal to be borne by appellees.
Howedd, J., recused.