## No. 9570.

### CHARLES H. REED VS. HIS CREDITORS.

Every act required by law to perfect an appeal when taken, must be performed within the delay allowed for taking the appeal.

Hence a bond for a suspensive appeal, filed more than ten days, not including Sundays, after the date of the judgment, comes too late, and it cannot sustain a suspensive appeal. Nor can it sustain a devolutive appeal when it appears that the order of appeal was not in the alternative, but exclusively or solely for a suspensive appeal.

APPEAL from the Civil District Court for the Parish of Orleans. Rightor, J.

B. R. Forman for Plaintiff and Appellant.

W. H. Rogers, City Attorney, Blave & Balter and H. P. Dart for Defendants and Appellees.

### ON MOTION TO DISMISS.

The opinion of the Court was delivered by

POCHÉ, J. The grounds of the motion are, that under an order for a suspensive appeal, the bond was not filed within the legal delay and that there is no prayer or order for a devolutive appeal.

Both grounds are supported by the record, and under the law the appeal must be dismissed.

The judgment appealed from was signed on the second of July, 1885, and the bond of appeal was executed and filed on the 15th of the same month, or more than ten days, not including Sundays, after the date of the judgment.

Appellant's motion, and the order granted thereon, were expressly and exclusively for a suspensive appeal, hence the present could not be maintained or hold good as a devolutive appeal, for the plain reason that it would come up without an order of appeal, an omission which has always been considered as fatal.

The following rule has been so often applied in our jurisprudence that it has now acquired the force of an axiom or of a legal maxim: "Every act required by law to perfect an appeal when taken, must be performed within the delay allowed for taking the appeal." Wood admr. vs. Calloway, 21 Ann. 481; Ducournau vs. Levistones, 4 Ann 30; Dwight vs. Barrow, 25 Ann. 424.

Under its effect, the bond in this case was evidently filed too late, and hence the appeal as suspensive, cannot stand.

Now, as there is no order for a devolutive appeal, either directly or in the alternative, it cannot be maintained under that character, for no appeal will lie in the absence of an order therefor.

If the appeal is presented as suspensive it falls because the bond does not comply with the order, if it be held up as devolutive, it falls for want of an order. Poole vs. Chaffe & Sons, 36 Ann. 589; Phillips vs. Creditors, 35 Ann. 935; Weiser vs. Blaise, 34 Ann. 833; Bank vs. Barrow, 24 Ann. 276; Dupré vs. Mouton, 23 Ann. 543.

This appeal is, therefore, dismissed at appellant's costs.