(38 South. 589.)

No. 15,499.

TREZEVANT v. LEVY'S HEIRS.[*]

(April 24, 1905.)

INSOLVENCY—MORTGAGE—ENFORCEMENT—
REINSCRIPTION.

1. Where real estate which is mortgaged is included among that included in a cessio bonorum, the mortgage creditor is authorized, under Act No. 15, p. 12, of 1894, to enforce his mortgage by executory process contradictorily with the syndic of the insolvency. The latter, as defendant, has the legal capacity on behalf of the mass of the creditors to urge all defenses which the situation calls for.

2. Where at the time of the cessio bonorum the mortgage is properly inscribed, there is no necessity for reinscription, under article 3369 of the Civil Code. The jurisprudence on that subject was not altered by the enactment of Act No. 15, p. 12, of 1894.

Provosty, J., dissenting.

(Syllabus by the Court.)

Appeal from First Judicial District Court, Parish of Caddo; James Martin Foster, Judge ad hoc.

Action by P. J. Trezevant, syndic, against

*Rehearing denied May 22, 1905.

the heirs of S. Levy. Judgment for defendants, and plaintiff appeals. Affirmed.

Albert H. Leonard, David Thompson Land, Sidney Levy Herold, and Charles Latham Gaines, for appellant. Alexander & Wilkinson, for appellees.

### Statement of the Case.

NICHOLLS, J. Plaintiff's brief makes the following statement:

"This is an injunction of an executory process. The facts are few and admitted. The whole case is one of law. The mortgage in question was granted by S. J. Ziegler on July 25, 1893, and has never been reinscribed. The property mortgaged was being advertised for sale under executory process issued in execution of said mortgage when it was stopped by injunction on May 21, 1904, on the ground that the mortgage had pre-empted, and that it was of no effect as to the syndic and the creditors represented by him. The judge ad hoc rendered very reluctantly, as shown by his opinion, a judgment dissolving the injunction and awarding the defendant damages as attorney's fees. Plaintiff appealed."

The issues are:

"First. Can the syndic stand in judgment in this case?

"Second. Is this mortgage perempted?"

The statement made on behalf of the seizing creditor is that:

"On April 27, 1894, Ziegler was ordered to make a surrender of his property, and complied with the order, including the property in question, on July 3, 1894.

"After the syndics were appointed they filed a tableau of debts, on February 22, 1895, and placed thereon the notes sued on herein, with the rank of mortgage and vendor's privilege on the lands in question, which rank was contested by the heirs of Ziegler. See 49 La. Ann. 144, 21 South. 666."

### Opinion.

We are of the opinion that the syndic had the legal capacity and authority to bring this action. What the result of the action would be, is a different question.

Section 1811 of the Revised Statutes reads:

"The syndic, without any authorization from the court for the purpose is authorized to sue and be sued in everything that respects the rights and action which may belong to the in-

solvent debtor, and which may concern the mass of the creditors."

See Civ. Code, art. 1970.

The executory proceedings having to be conducted contradictorily with the syndic as a defendant, under Act No. 15, p. 12, of 1894, it is necessarily contemplated that he could and should urge any defense arising in the proceeding. If the peremption claimed inures to one, it inures to the benefit of all the creditors.

Plaintiff argues the question as to the necessity of the reinscription of a mortgage after the mortgage creditor has made a cession of his property, on the ground that the declarations made by this court in a number of decisions that reinscription was not necessary under such circumstances were made on the authority of Bethany v. His Creditors, 7 Rob. 61, that a careful reading of that decision would show that it was no authority on the point, as the announcement of that doctrine on that occasion was an obiter dictum. They argue the proposition, therefore, as if the matter were before us as res nova. Whether the proposition was unnecessarily advanced in that case or not, the correctness of the same has been continuously accepted by the bench and bar. Even were we inclined to recognize the views advanced by counsel as well grounded, we would not be warranted in acting on them at this late day, and in destroying rights which the parties owning them were justified in believing were fully secured under the jurisprudence of the state.

Plaintiff urges, however, that the theory upon which the decisions referred to were predicated has ceased to exist by reason of the enactment of Act No. 15, p. 12, of 1894, which authorized mortgage creditors to take the property mortgaged through executory process out of the insolvency, and sell the same at judicial sale thereunder.

We do not attach the same influence and scope to the statute in question that counsel do. The mortgage creditor, it is true, is given a prompter remedy by that law than he had before, freed from the expenses and charges of the insolvency, but the status itself of the property quoad the creditors inter se remains unchanged. The continuing connection between the property and the insolvency is recognized and maintained, the statute directing that the proceedings are to be conducted contradictorily with the syndic. Were plaintiff's position sustained, this property would be at once thrown back into the insolvency.

From and after the acceptance of the cession all the property of the insolvent debtor is fully vested in the creditors. Rev. St. § 1791. And the rights and rank of all the creditors are thereafter fixed inter se. The "owner" can divest the creditors of their possession and interest in the property only by paying the amount of his debts with the expenses attending the cession. Civ. Code, art. 2178.

For the reasons herein assigned, the judgment appealed from is hereby affirmed.

PROVOSTY, J., dissents.