the subject of the act; that is, abortion and premature delivery.

In the late case of State v. Harwick, 133 La. 545, 63 South. 166, this court, as indicated in the syllabus, held:

"The Legislature may in a statute denounce an act as a crime, and also denounce as a crime in the same statute the attempt to commit the act, without rendering the statute unconstitutional as embracing two objects."

In an attempt, the act falls short of the thing intended. Bishop, Crim. Law, § 728. Section 807 of the Revised Statutes has no such limitation, and applies not only to attempts, but to the actual procurement of abortion or premature delivery. The amendatory act of 1888 denounces the commission of the same offense by any other means.

It suffices that the subject of an act be stated in general terms, and in order to facilitate legislation a very liberal construction should be given to all matters which are pertinent or germane to the subject of the enactment. Board of Medical Examiners v. Fowler, 50 La. Ann. 1370, 24 South. 809.

Judgment affirmed.

See dissenting opinion of PROVOSTY, J., 67 South. 817.

---

(67 South. 817)

No. 20334.

GRAFF v. GRAFF.

(April 27, 1914. Rehearing Denied May 25, 1914. On Motion to Dismiss, Feb. 8, 1915. Rehearing Denied March 8, 1915.)

*(Syllabus by the Court.)*

1. APPEAL AND ERROR ☞776 — RIGHT TO WITHDRAW APPEAL.

An appellant will not be permitted to withdraw the appeal without the consent of the appellee who has answered the appeal and asked that the judgment be affirmed, even though, before answering, the appellee moved to dismiss the appeal for want of citation.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3115–3119; Dec. Dig. ☞776.]

On Motion to Dismiss.

2. APPEAL AND ERROR ☞435 — MOTION TO DISMISS APPEAL—WAIVER.

A motion to dismiss an appeal for want of citation is waived by an answer to the appeal, praying that the judgment be affirmed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2184–2190; Dec. Dig. ☞435.]

On the Merits.

3. DIVORCE ☞25 — SEPARATION FROM BED AND BOARD—GROUNDS.

Petty quarrels between husband and wife are not sufficient cause for a judgment of separation from bed and board.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 61, 106; Dec. Dig. ☞25.]

Appeal from First Judicial District Court, Parish of Caddo; T. F. Bell, Judge.

Action by John Graff against Marie Graff. From judgment for plaintiff, defendant appeals. Application to withdraw appeal denied, judgment reversed, and rehearing refused.

J. H. Levy and Elias Goldstein, both of Shreveport, for appellant. B. H. Lichtenstein, of Shreveport, for appellee.

On Application to Withdraw the Appeal.

O'NIELL, J. The defendant appealed from a judgment of separation from bed and board rendered against her on confirmation of default.

[1] The appellee filed a motion to dismiss the appeal, on two grounds: First, that he had not been served with a citation of appeal, although the appeal was taken in a term of court subsequent to that in which the judgment was rendered; and, second, that the statement of facts signed by the trial judge is not correct. In support of this latter allegation in his motion to dismiss the appeal, the plaintiff filed two ex parte affidavits. Two days later, the plaintiff filed an answer to the appeal, alleging that:

"Reserving all rights of his motion to dismiss the aforesaid appeal, respondent shows that the judgment rendered in said cause was upon ample and sufficient evidence, and that the judgment of the lower court should be affirmed."

The prayer of this motion is that the judgment be affirmed and that the appellant be condemned to pay the costs of both courts.

Acknowledging that the omission of the citation would be fatal to her appeal unless the answer to the appeal should be held to be a waiver of citation, and fearing that this question might be decided against her at a time when it would be too late to take another appeal, the appellant filed a motion to withdraw her appeal, in order that she might take another appeal with proper citation.

The appellee filed an answer to the appellant's motion to withdraw her appeal, opposing the withdrawal upon the ground that he had answered the appeal and had urged another reason for dismissing it, besides the want of citation of appeal. He therefore insists "that the matter should be allowed to come regularly for trial according to law."

In the brief filed by her counsel, the appellant admits that the only purpose for which she desires to withdraw her appeal is to take another appeal on proper citation. The appellee's original motion to dismiss the appeal for want of citation cannot now be regarded as a consent that the appeal be withdrawn, in view of his subsequent pleadings in this court.

"When the Supreme Court once has jurisdiction of an appeal, whether by transmission of the record or by that of the citation served on the appellee, it cannot, in any case, permit the appellant to withdraw his appeal, without the consent of the appellee, and the cause shall take its course whether the appellant make default or not." C. P. art. 901.

The application to withdraw the appeal is therefore denied.

### On Motion to Dismiss.

[2] The motion to dismiss this appeal was waived by the appellee's answer to the appeal, in which he prayed that the judgment be affirmed, and by his answer to the appellant's motion to withdraw the appeal. The motion to dismiss the appeal is therefore overruled. · ·

### On the Merits.

[3] The petition, which was served upon the defendant while she was visiting her son in New Orleans, contains only the following allegations:

"Paragraph 1. That he was married to his said wife in the city of Bucharest, state of Roumania, some time during the year of 1882 or 1883; that thereafter they came to live in America, and for the last seven years have lived and maintained their matrimonial domicile in the city of Shreveport.

"Par. 2. Petitioner shows that he has always conducted himself properly, has given his wife no cause or provocation for ill treatment, and has done everything in his power to make her home happy and comfortable.

"Par. 3. Your petitioner shows that his said wife has a violent temper and malicious disposition and has made his life unbearable for a long time; that he has endured the ill treatment imposed upon him for years, always hoping that her disposition would change for the better; but that, instead of its changing for the better, she has become more violent.

"Par. 4. Petitioner shows that his said wife has been guilty towards him for years of the grossest cruel and outrageous treatment, which renders their living together insupportable; that she has, in the presence of strangers, on divers occasions, cursed and abused him, and has, on several occasions, threatened to strike him.

"Par. 5. Your petitioner further shows that, about 10 days ago, his said wife, contrary to his wishes, sold all the household effects and furniture contained in the premises, No. 1800 Laurel street, in the said city, wherein they had their home, and, appropriating all the money from the proceeds of the sale of said household goods to her own use, left for the city of New Orleans, where she now resides.

"Par. 6. Petitioner shows that, because of the conduct of his said wife, their living together has been made unsupportable, and he is entitled to a separation from bed and board and in due course a final divorce."

The defendant says that she is unable to read English and did not know that she had been sued until she returned to her home and learned that the judgment had been rendered against her. This, however, is merely her explanation for appealing from a judgment which she did not resist in the district court.

The statement of facts prepared and signed by the trial judge for the purpose of the appeal is as follows:

"I remember very little of the actual testimony in this case, as nothing happened to impress it upon my memory.

"I do remember, however, that plaintiff attempted to prove same upon default about the time it was ripe for same; that he produced one witness who swore that he had heard frequent quarrels between John Graff and his wife, but did not know who started them. I refused to render judgment .on such testimony, and the cause was continued for further testimony. Some month or two later, plaintiff took the case up again and produced, I think, two witnesses who swore, to the best of my recollection, that they had heard Mrs. Graff quarreling at her husband on several occasions, and that he just seemed to be taking it. I have no recollection whatever of any evidence being introduced to show that defendant had sold the household goods and left for New Orleans.

"The evidence was not the most satisfactory; but, in view of the fact that the record showed that defendant had been served personally and made no appearance, the court granted the prayer of the petition."

From this, it appears that the plaintiff failed to prove the only specific allegation of fact in his petition, and is not entitled to a judgment of separation from bed and board.

The doctrine applicable to the facts of this case was expressed in Pozo v. Connor, 107 La. 453, 31 South. 766, viz.:

"To warrant, in Louisiana, a judgment of separation from bed and board between married persons, the grounds assigned and proved must be of a very serious character. Light differences between the spouses will not suffice."

The judgment appealed from is annulled and reversed, at the cost of the appellee.