#### (90 South. 235)

#### No. 24763.

### Interdiction of ERICHSON.

(Oct. 31, 1921. On the Merits Nov. 28, 1921.)

*(Syllabus by Editorial Staff.)*

1. **Attorney and client &#9750;70 — Attorney presumed to have authority until contrary proven.**

   In proceedings for the interdiction of an insane person, where an appeal has been taken, that counsel for appellants retired as counsel in the lower court *held* not to show lack of authority to make a motion to dismiss the appeal; an attorney being presumed to have authority until proof to the contrary.

2. **Appeal and error &#9750;776—Appellant cannot withdraw appeal without appellee's consent.**

   When an appeal has once been lodged in the Supreme Court, appellant cannot withdraw it without the consent of appellee.

Appeal from Civil District Court, Parish of Orleans; H. C. Cage, Judge.

Proceedings by Mrs. Clarisse Lacomme to interdict Philomel H. Erichson on the ground of insanity. From a judgment refusing interdiction and setting aside the appointment of a provisional administrator, plaintiff and the administrator appeal. Motion to dismiss appeal denied, and judgment affirmed.

James Gauthreaux, of New Orleans, for appellant Lacomme.

Paul W. Maloney, of New Orleans, for appellant Interstate Trust & Banking Co.

Ross E. Breazeale, of New Orleans, and Thomas Gilmore, for appellee Erichson.

### On Motion to Dismiss.

LAND, J. The plaintiff instituted suit in the civil district court of the parish of Orleans, for the purpose of obtaining a judgment interdicting the defendant. The Interstate Trust & Banking Company was appointed as temporary administrator of the defendant's estate. On the same day the petition for interdiction was filed by Paul W. Maloney, Esq., he withdrew from the case as plaintiff's attorney, and was appointed by the court, as attorney for the Interstate Trust & Banking Company, administrator pro tempore. The judgment of the lower court rejected plaintiff's suit at her cost, and recalled and set aside the order appointing the Interstate Trust & Banking Company, provisional administrator. The plaintiff and the banking company have appealed from the decision of the lower court to this court, and Paul W. Maloney, Esq., appearing here as the attorney for plaintiff, and for the said banking company, appellants, has moved to dismiss these appeals. This is opposed by counsel for appellee, on the ground that the attorney, who makes for appellants the motion to dismiss, has no authority to do so, since he retired from the case as their counsel in the lower court; and, second, that under article 901 of the Code of Practice, an appellant cannot withdraw an appeal without the consent of the appellee, when once it has been lodged in the Supreme Court.

[1, 2] As an attorney is presumed to have authority until proof of the contrary, the first of these grounds is untenable, since the attorney may have re-entered the case, and the fact of the attorney having retired as

counsel for the plaintiff is no evidence of his not being counsel for the administrator pro tempore. The second ground is good, and the motions to dismiss are therefore denied.

## On the Merits.

O'NIELL, J. This is an appeal from a judgment rejecting appellant's demand for the interdiction of her aunt, as an insane person. The judge of the civil district court concluded that the woman was not insane. The evidence convinces us that his judgment is correct. That was the only question at issue in the case.

The judgment is affirmed at appellant's cost.