## GRAVES v. MERRILL ENGINEERING CO.
### et al.
### No. 4448.

Court of Appeal of Louisiana. Second Circuit.

June 5, 1933.

Oliver & Digby and McHenry, Montgomery, Lamkin & Lamkin, all of Monroe, for appellants.

Theus, Grisham, Davis & Leigh, of Monroe, for appellee.

TALIAFERRO, Judge.

This suit was instituted by plaintiff against Midland Construction Company, the Merrill Engineering Company, and the Union Indemnity Company, all corporations, to recover damages done to her automobile and for personal injuries to herself, resulting from an accident on Highway No. 13, August 7, 1931, at a newly constructed bridge, near Eros, in Jackson parish, La.

The Merrill Engineering Company was awarded a contract by the Louisiana highway commission to lay amiesite pavement on the highway from Chatham, in Jackson parish, northeasterly 21.61 miles, to intersection with Route 200 in Ouachita parish, and to repair or rebuild the several bridges on said highway. The Merrill Engineering Company sublet its contract to the Midland Construction Company, who, being assisted and supervised by the former company, performed the work. Both companies carried public liability insurance with the Union Indemnity Company as surety.

Plaintiff lives in Monroe, La., and when injured was en route to Jonesboro. With a companion, she was making the trip at night. The road from a point north of Eros to Chatham, on her route to Jonesboro, had been closed to travel by the highway commission and notice of such action was given by the usual detour signs at conspicuous points on the road. A short distance north of Eros the road was completely closed to traffic and a detour road was laid out, on the east side of the old highway, which was being used by the public, and which returned to the highway south of Eros, about one-half mile from its beginning. At both ends of this detour was posted a sign reading as follows: "Road Closed Chatham to Eros. Detour via Choudrant." Below the south end of the detour the construction companies were building, in fact had practically completed, a bridge over a narrow creek. Plaintiff, not being acquainted with the condition of the road ahead of her, and assuming, because the detour road had carried her back to the public highway, that the road ahead was open to the public, and was safe for travel, continued her course in that direction, at a reasonable rate of speed. The rebuilt bridge was one and one-half miles south. On the front (north) side of the bridge an excavation had been made for the foundation of the abutment and the loose dirt had been returned to the hole, but did not fill it by several feet. The cut was entirely across the highway (twenty-four feet) and was two or two and one-half feet wide. This, as clearly appears, provided a very dangerous hazard to traffic, especially at night. Defendants had constructed two runways across this opening, from the road to the bridge floor, for use of cars. These were made of thick plank and not over three feet wide. They covered the central third of the road, leaving some seven or eight feet thereof on either side. There were no signals or

danger warning signs at or near the bridge to apprise the public of the dangerous situation there, and when plaintiff discovered ahead of her that conditions were not as she had assumed them to be, though she did not at that moment know what the trouble was, it was too late to bring her car to a stop before reaching the bridge, but in the effort to do so, applying the brakes, she missed the runways; the car struck the end of the bridge with considerable force, cut across the left hand corner thereof, tore part of the handrailing away, and nose-dived into the creek below, some eight or ten feet.

Plaintiff charges defendants with gross negligence in not covering entirely the open space in the road adjacent to said bridge, instead of having the two narrow runways across it, and especially does she charge they were negligent in allowing said dangerous conditions to exist unguarded and without any lights, barricades, or other signals to apprise the traveling public of the hazard to travel which they had created.

Defendants deny negligence of any kind on their part, and charge plaintiff as being contributorily negligent by disregarding all the detour signs intended to direct travel via Choudrant to Jonesboro.

There was judgment in favor of plaintiff and against Midland Construction Company, Merrill Engineering Company, and the Union Indemnity Company, in solido, for $300 for personal injuries, and in her favor and against Midland Construction Company and Merrill Engineering Company, in solido, for $279.31 for damage to car, with 5 per cent. per annum interest from judicial demand on both amounts.

This case was, by agreement of counsel, decided by the lower court while in vacation, and orders of appeal, devolutive and suspensive, were then granted to plaintiff and the defendants, returnable on or by September 18, 1932. Amount of bond for either appeal was fixed.

The Merrill Engineering Company and the Union Indemnity Company perfected their appeals by giving and filing bond, and the record in the case was lodged in this court September 19, 1932.

On October 1st, thirteen days after the expiration of the return day for its appeal, Midland Construction Company filed with the clerk of the court below a devolutive appeal bond, with the Union Indemnity Company as surety thereon, which bears date September 7, 1932. This bond was forwarded to the clerk of this court and is in the record.

In this court the Merrill Engineering Company filed a motion asking that we dismiss the "appeal herein in so far as the same concerns" it.

Plaintiff has moved to dismiss the appeal of the Midland Construction Company on the following grounds, viz.:

That its appeal bond was filed in the lower court thirteen days after expiration of the time fixed for filing the transcript in this court, and, in fact, after the transcript had been here filed under the appeal bond filed by Merrill Engineering Company, and Union Indemnity Company; and that the appeals of these defendants cannot be availed of by, nor inure to the benefit of, said Midland Construction Company.

In the alternative, said appeal should be dismissed because the purported appeal bond is defective, null, and void for the following reasons:

(1) That the surety therein, Union Indemnity Company, is one of the defendants cast in the judgment appealed from.

(2) That said surety has been placed in the hands of receivers by the civil district court for Orleans parish, as appears from documents attached; and by reason of the appointment of such receivers said surety no longer has any corporate existence.

And further, in the alternative, said bond should not be considered and said appeal should be dismissed, because said bond could not be added to the transcript already filed in this court, except, if at all, through the function of a writ of certiorari granted on proper showing made.

Plaintiff also filed a motion to dismiss the appeal of the Union Indemnity Company for the reason that it had been placed in the hands of receivers by the civil district court of Orleans parish, being thereby dissolved and has no longer any corporate status; that said receivers have not made themselves parties to this suit.

Plaintiff answered the appeals, praying, should we not dismiss them, that the judgment for injuries to her should be increased to $750.

## Motion to Dismiss Appeal of Union Indemnity Company.

■ Since this appeal was perfected this appellant, in the proceeding entitled "E. A. Conway, Sec'y of State, v. Union Indemnity Company," No. 200,442 on the docket of the civil district court of the parish of Orleans, was placed in the hands of receivers to wind up its affairs and liquidate its business. It seems to be conceded that it is hopelessly insolvent. Mover contends that in these circumstances this defendant has utterly ceased to exist as a juridical person, has been dissolved, and no longer has any corporate status, and therefore the case against it has abated. This position is correct. It is supported by reason and authority. The precise question was passed on by the Orleans Court of Appeal in Levy v. Union Indemnity Co., 146 So. 182. That case discusses to considerable extent the involved question and cites in its support decisions of our own courts and of the Supreme Court of United

States. The syllabus of the Levy Case, reflecting correctly the court's holdings, reads:

"Appointment of receivers for insurance company terminated corporation's existence and prevented further carrying on of litigation against it (Act No. 105 of 1898).

"On termination of insurance corporation's existence, after corporation took appeal, reviewing court should not indefinitely continue case, but should dismiss appeal to enable appellee to recover against surety on appeal bond (Act No. 105 of 1898; Code of Prac. art. 579.)"

The receivers of this company have not been made parties to this appeal, and have not, in any manner, joined therein for any purpose.

The motion to dismiss is sustained.

### Motion to Dismiss Appeal of Midland Construction Company.

The appeal bond of this defendant was filed many days after the return day, as fixed by the lower court, had expired. No extension of time was asked for or granted. Therefore, for the purpose of the present appeal, the filing of the bond at time it was filed was abortive, and produced no legal effect. It was too late. Code Prac. arts. 574, 575, 578.

There is a long line of authorities which hold that the timely obtention of an order of appeal is insufficient and unavailing without filing of bond therefor within the time required by law or the order of appeal.

In Lafayette v. Farr, 162 La. 385, 387, 388, 110 So. 624, the court said: "The obtaining of an order of appeal within the time prescribed is not availing without the bond required by the order of appeal. It is not necessary that the citation to answer the appeal shall be served within the time prescribed by law for taking an appeal, but the order of appeal, being subject to the condition that the appellant shall furnish a bond for the amount either fixed in the order or required by law, remains in abeyance and without effect until the bond is filed. Therefore an appeal is not deemed taken within the time prescribed by law for taking an appeal unless the bond required by the order of appeal is filed within the time prescribed. Marigny v. Stanley, 2 La. 323; Barremore's Syndic v. Bradford's Heirs, 10 La. 150; Sibley v. Roman Catholic Congregation, 3 Rob. 77; City Bank v. Kent, 7 Rob. 60; Mayer v. Prudhomme, 1 La. Ann. 230; Gibson v. Selby, 2 La. Ann. 629; Brickell v. Conner, 10 La. Ann. 235; Hall v. Beggs, 17 La. Ann. 238; Mortee v. Edwards, 20 La. Ann. 236; Wood v. Calloway, 21 La. Ann. 481; Deslonde v. State National Bank, 27 La. Ann. 119; Bank of America v. Fortier, 27 La. Ann. 243; Edwards v. Marin, 28 La. Ann. 568; Boutte v. Boutte ['s Ex'rs], 30 La. Ann. 177; Ulman & Co. v. Briggs, Payne & Co., 32 La. Ann. 655; Bowie v. Davis, 33 La. Ann. 347; Reed v. His Creditors, 37 La. Ann. 907; Upton v. Adeline Sugar [Factory] Co., 109 La. 671, 33 So. 725."

The motion to dismiss the appeal of the Midland Construction Company is sustained for the reason above discussed. It is unnecessary to consider or pass upon the other grounds assigned by appellee for dismissal of this appeal.

### Motion of Merrill Engineering Company to Dismiss its own Appeal.

It is well settled that an appellant may not dismiss or withdraw his appeal without the consent of the appellee. Interdiction of Erichson, 149 La. 895, 90 So. 235; Succession of Trouilly, 52 La. Ann. 276, 26 So. 851. And especially is this true where the appellee has answered the appeal and asked for an affirmance of or increase in the judgment appealed from. Graff v. Graff, 136 La. 749, 67 So. 817.

Plaintiff, in her discussion of the various motions to dismiss the appeal herein, does not refer to that of the Merrill Engineering Company, except in her brief it is said, after referring to the fact that the Midland Construction Company had not timely filed its appeal bond, "the only defendant with which the court is now concerned is the Union Indemnity Company." Inferentially, it would seem that she considered the motion would be granted as a matter of course. In view of the situation as thus disclosed, we think it appears reasonably clear that the appellee has no objection to this appeal being dismissed by us; in fact, that she acquiesces in the motion to dismiss.

Appeal will be discontinued in accordance with motion of appellant acquiesced in by appellee. Lloyd v. N. O. Ry & Light Co., 8 Orleans App. 44.

The motion to dismiss is sustained.

For the reasons herein assigned, all appeals taken by the defendants to this court are hereby dismissed, at their cost.