DORÉ, Judge.
This is a boundary suit involving lots in the City of Leesville, Vernon Parish, Louisiana. Plaintiff and defendants own adjoining lots in the said City.
After a trial on the merits, on June 1, 1951, there was judgment in favor of the plaintiff and against the defendants fixing the boundary between the properties of plaintiff and defendants in accordance with the survey of F. E. Hernandez, C. E. On the same day, that is, on June 1, 1951, the trial judge signed an order granting unto the defendants a suspensive and devolutive appeal returnable to this court on or before July 10, 1951, conditional upon defendants furnishing bond in the sum of $750 if sus-pensive or in the sum of $300 if devolu- . tive. ■ .
Defendants-appellants failed to furnish any bond for said appeal within the return date as fixed by the district court; in other words, they allowed the return date to expire without perfecting either appeal.
On May 2, 1952, oyer nine months after the return date had expired and after the term of court in which the judgment had ■been rendered and signed and without having obtained a new order of appeal and . without praying for citation of plaintiff-appellee, defendants-appellants filed a bond in the sum of $300 for a devolutive appeal. The Clerk o'f the District Court then proceeded to transmit the record of the case to the Clerk of this Court at Baton Rouge, Louisiana, . The record or transcript was received and filed on May 19, 1952 by the Clerk of this Court.
On June 9, 1952, plaintiff-appellee filed a motion to dismiss the appeal on the ground that the transcript was not filed until May 19, 1952 and that no. extension of time for the filing of said transcript was ever requested or obtained; that no new order of appeal was ever applied for or granted, and no new return date was ever requested or fixed.
We find the facts set forth in the motion fully sustained by the record. We might add further- that since the defendants-appellants allowed the return date to expire *502 without .any efforts on their part to perfect the appeal by filing a bond, the order became null and void. It was the duty of the appellants to obtain a new order of appeal with a new return day and the fixing of the amount of the bond therefor. The motion should prevail. See Graves v. Merrill Engineering Company, La.App., 148 So. 453; Sandfield Oil & Gas Co. v. Paul, La.App., 7 So.2d 725; Sentilles v. Frey Brothers, La.App., 161 So. 334.
For these, reasons, it is ordered, adjudged and decreed that the appeal herein taken by defendants be dismissed at the costs of appellants.