139 So.2d 230 (1962)
William H. PRICE
v.
L. N. TAYLOR et al.
No. 5491.
Court of Appeal of Louisiana, First Circuit.
March 7, 1962.
*232 L. N. Taylor, in pro. per.
Helen K. Overton, Clinton, for appellees.
Before LOTTINGER, LANDRY and REID, JJ.
LANDRY, Judge.
Plaintiff, William H. Price, instituted this action against defendant, L. Nauman Taylor and twenty-eight other individuals to reform a certain act of sale from defendants to plaintiff dated June 8, 1942, and duly recorded in the conveyance records of East Feliciana Parish so that, in addition to the property therein conveyed, said deed shall reflect the transfer to plaintiff by said vendors of six certain lots or parcels of ground described as Lot 8 Block 9 and Lots 1, 2, 3, 4 and 5, Block 8 of the Town of Ethel, East Feliciana Parish, Louisiana, which plaintiff contends was intended to be transferred therein but, through mutual error and mistake, was omitted therefrom.
The properties purchased by plaintiff from defendants under the deed sought to be reformed, were acquired by plaintiff and defendants, in indivision, as heirs and legatees of Emma Worthy Pond, deceased, pursuant to judgment of possession rendered in the succession of said decedent and duly recorded in the conveyance records of the office of the Clerk and Recorder, East Feliciana Parish. Plaintiff alleges that the six subject lots were inadvertently omitted from the inventory and judgment of possession filed and rendered in the succession of decedent Emma Worthy Pond and, therefore, prays that said inventory and judgment be likewise reformed to include said lots therein. It is plaintiff's contention that defendants-vendors intended to sell plaintiff the respective undivided interests of defendants in and to all property belonging to the estate of decedent Emma Worthy Pond; that the lots in question were in fact owned by said decedent on the date of her death; and that the omission of said lots from the inventory, judgment of possession and act of sale was the result of a common error thereby entitling plaintiff to reformation of the documents herein sought to be corrected. While it is alleged in plaintiff's petition that the inventory, judgment and deed are annexed thereto and made part thereof by reference, said instruments were neither attached thereto nor offered in evidence during the trial of this cause.
Simply stated, defendants contend the lots in question were not intended to have been conveyed to plaintiff and consequently plaintiff's claim should be rejected. The trial court rendered judgment in favor of plaintiff ordering reformation of the documents and defendants have appealed.
We note in the record a procedural defect, patent upon the face of these proceedings, requiring the dismissal of this appeal as to all defendants-appellants excepting L. Nauman Taylor.
Of the twenty-nine parties made defendants herein, twenty are absentees initially represented by William F. Kline, Attorney ad hoc duly appointed by the trial court to represent said non-residents. On behalf of the absentees Mr. Kline filed an answer in the form of a general denial and as attorney of record for defendant L. Nauman Taylor, Mr. Kline filed a similar answer on Taylor's behalf. The remaining eight defendants (all residents of this state) though duly served with process failed to answer, except or otherwise plead in this matter and as to all eight issue was duly joined by entries of preliminary defaults. Despite the fact that defendant L. Nauman Taylor, a layman not a member of the bar, was represented by attorney, he was permitted to appear in proper person and assist his said counsel in the defense of this matter before the trial court.
*233 Subsequent to trial but prior to rendition of judgment in the lower Court, Mr. W. F. Kline, attorney of record for defendant L. Nauman Taylor and the aforesaid twenty non-resident defendants, departed this life. The minutes of the trial court show that on April 23, 1960, the trial court filed written reasons for judgment in favor of plaintiff, appointed Richard H. Kilbourne, Attorney-at-law, as curator ad hoc to represent the absent defendants and ordered that he be served with notice of his appointment. The record does not reflect any appearance thereafter on behalf of the absentees and ultimately judgment in favor of plaintiff was signed by the trial court on May 10, 1960.
On April 26, 1961, defendant, L. Nauman Taylor, "individually and on behalf of the other 28 defendants" filed a motion for devolutive appeal wherein it is alleged that defendants were aggrieved by the judgment in favor of plaintiff, said motion closing with a prayer stating, inter alia, the following: "Wherefore, L. N. Taylor prays that he and all other defendants be granted a devolutive appeal * * *." Predicated on the foregoing motion the Judge ad hoc signed an order granting a devolutive appeal to all defendants herein. The record is devoid of evidence showing by what authority defendant Taylor, a layman, purported to represent the other defendants in these proceedings.
Mr. Taylor not being a member of the bar was, of course, nevertheless privileged to represent himself in these proceedings. While it is the settled jurisprudence of this state that in the case of an attorney-at-law (who is a duly sworn officer of the court) a presumption exists to the effect that he has the authority to represent those parties on whose behalf he appears in a lawsuit. See Interdiction of Erichson, 149 La. 895, 90 So. 235; Meridian Fertilizer Factory v. Collier, 193 La. 815, 192 So. 358, no such presumption exists in the case of a layman who purports to represent another as agent or attorney in fact before the courts. Even the presumption existing in favor of the duly licensed attorney-at-law is subject to rebuttal by direct evidence or oath that the party allegedly represented neither employed counsel to represent him nor authorized others to do so. Wadsworth v. Alexius, 234 La. 187, 99 So.2d 77.
The performance of any act in connection with proceedings before a court of record in a representative capacity is within the definition of the practice of law contained in LSA-R.S. 37:212 and only a duly licensed person may engage in the practice of law according to the provisions of LSA-R.S. 37:213.
Conceding that the remaining defendants possessed the right to designate defendant L. Nauman Taylor as their agent or attorney in fact and may have authorized him in their respective names to exercise the privilege of self-representation to which they are entitled, such authority must be express and cannot be presumed. There being no evidence of such authority in the record of the instant case, it follows that said remaining defendants made no appearance either personally or through a duly authorized attorney or representative to move either orally or in writing for an appeal herein. The appeal taken by defendant L. Nauman Taylor on behalf of his co-defendants was, under the circumstances shown, without legal effect. No party may be compelled to appeal or join in an appeal against his will or without his knowledge, authorization or consent. It may well be that a litigant may be perfectly willing to permit an adverse judgment to go unchallenged.
Defendant L. Nauman Taylor being the only party to timely and properly perfect an appeal herein, is the only party whose rights may be considered on this appeal. The remaining defendants having permitted the time for appeal to lapse without having entered an appeal as provided for by law, are now forever barred from appealing the judgment which, as to them, has now become res adjudicata. The judgment against the remaining 28 defendants is not reviewable on the appeal taken herein solely by their co-defendant, L. Nauman *234 Taylor, in proper person on his own behalf. N. O. Nelson Mfg. Co. v. Wilkerson, La. App., 152 So. 157.
On the trial of this cause objection was raised to the introduction of parol evidence by which plaintiff sought to show mutual error and mistake in the omission of the controversial lots from the deed in question, said objection being predicated upon LSA-C.C. Articles 2275 and 2276 which prohibit the use of parol evidence to vary the terms of a written instrument. The learned trial judge overruled the objection and defendant therein complains of error.
Conceding that ordinarily parol evidence cannot be received to alter, vary or contradict the terms of a written instrument free from ambiguity, such rule, however, has no application where fraud or error is alleged. In these latter instances the rule is well established that where fraud or error is properly pleaded and it is made clearly to appear that through fraud or mistake the written instrument expresses a purpose different from that mutually agreed and intended by the parties, such mistake may be corrected and the writing reformed to express the true intention of the parties. The rule further requires that before such relief may be afforded there must be adduced clear proof of the different antecedent agreement as well as the error in committing it to writing. Ker, et al. v. Evershed et al., 41 La.Ann. 15, 6 So. 566. See also Carter Oil Company v. King, La.App., 134 So.2d 89, and cases therein cited.
It is equally well established that the burden is on the one seeking reformation to prove the error alleged and that said onus must be discharged by clear proof of the strongest possible type. Reynaud v. Bullock, 195 La. 86, 196 So. 29; Carter Oil Company v. King, supra; Agurs v. Holt, 232 La. 1026, 95 So.2d 644; Cockerham v. Aime, La.App., 110 So.2d 238. See also Rodgers v. S. H. Bolinger Co., 149 La. 545, 89 So. 688; and Standard Oil Co. of Louisiana v. Futral, 204 La. 215, 15 So.2d 65.
By way of proof of the allegation that title to subject lots was in decedent Emma Worthy Pond on the date of her death, plaintiff introduced certain documents which, according to learned counsel for plaintiff, constitutes said decedent's entire chain of title to the lots in question. Defendant offered no contradictory evidence but merely contends that neither plaintiff nor defendant owns the lots at issue herein. In this regard the position of defendant is that the disputed lots belong to third persons who are not parties to this litigation. As to any third persons who may have valid or pretended claims to the property in suit, nothing herein contained can be of any effect whatsoever.
The sole issue before the court is whether as between vendor and vendee to the deed in question mutual error or mistake exists with respect to the alleged omission of subject properties.
According to the pleadings and testimony of record, the sale was executed after the numerous vendors had been duly recognized as heirs and legatees of decedent Emma Worthy Pond and placed in possession of her estate by judgment of the trial court. Plaintiff maintains that vendors intended to sell all immovable property inherited from the estate of Mrs. Pond whereas defendant L. Nauman Taylor maintains it was intended to convey only the property expressly described in the deed.
As herein previously shown, neither the sale, inventory or judgment of possession sought to be reformed were introduced or appear in evidence. According to the allegations of Paragraphs Eight (8) and Nine (9) of plaintiff's petition, however, the implication is clear that the disputed lots were expressly excluded from said documents. We note therein that the pertinent portion of the description allegedly appearing in the deed reads as follows:
"(2) All of the East town site of the Town of Ethel in the Third Ward of the Parish of East Feliciana, Louisiana, *235 comprising 24 acres, more or less, together with all the buildings and improvements thereon, and being all of Blocks 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11 and 12 as shown on the figurative map of the Town of Ethel recorded on July 8th, 1884 in Conveyance Book B-2, at page 115 of the Conveyance Records of the Parish of East Feliciana, less and except the following lots: (Emphasis supplied)
"(d) Lots 1, 2, 3 and 4 of Block 9, belonging to Demps Rogillio; Lots 5, 6, 8 and 10 of block 9 belonging to W. T. Hall; Lots 14 and 15 of Block 9 belonging to C. C. Perry. (Emphasis supplied)
"(e) Lots 1, 2, 3, 4 and 5 and 16 of Block 8, belonging to Ethel Colored Church; and Lot 15 of Block 8, owned by Grand Hope Lodge 6157." (Emphasis supplied)
The evidence regarding the circumstances immediately prior to and attending the execution of the sale in question is both meager and conflicting. Plaintiff's testimony is to the effect that plaintiff and defendant L. Nauman Taylor were present when the sale was confected together with B. B. Taylor, Sr., the latter party being plaintiff's attorney as well as a co-executor of the estate of decedent Emma Worthy Pond. Although the record does not affirmatively so show the implication is clear that Mr. B. B. Taylor, Sr. was the duly authorized agent of each of the numerous vendors except defendant L. Nauman Taylor and, in such representative capacity, signed the act of sale which is the subject matter of this litigation. No express antecedent agreement to sell all immovable property inherited from decedent Emma Worthy Pond is shown except by the verbal testimony of plaintiff and Warren T. Price, Sr., plaintiff's brother, who was an heir of Mrs. Pond and a vendor in the deed.
According to plaintiff and plaintiff's witness, Warren Price, Sr., neither of said parties read the sale in question although both were parties thereto, plaintiff as purchaser and Warren Price, Sr. as vendor (presumably represented by B. B. Taylor, Sr., acting therein as his agent). An instrument, however, is not subject to reformation merely because a signatory thereof did not peruse it before affixing his name thereto. A party who signs a written instrument is presumed to know its contents. Fontenot v. Coreil, La. App., 2 So.2d 97; Snell v. Union Sawmill Co., 159 La. 604, 105 So. 728.
The substance of plaintiff's testimony is that although he did not read the sale he believed that decedent Emma Worthy Pond owned the lots in dispute; that he was not aware of their express exclusion from the sale; that he intended to purchase all real property inherited by the heirs of Mrs. Pond and was of the impression the lots were in fact included in the description of property conveyed.
Mr. Warren Price, Sr. testified he was a co-executor of Mrs. Pond's estate together with B. B. Taylor, Sr. but that at the time of the sale he did not know the lots in question were excluded from the deed. He was of the opinion that Mrs. Pond owned the lots at the time of her death and that the intention of the sellers was to convey all immovable property inherited from said decedent.
W. T. Hall, who was named in the excepting clause of the sale as owner of one of the excluded lots, namely, Lot 8 of Block 9, testified he purchased Lot 10, Block 9, from one Andrews and two lots from a Mrs. Townsend (sic). In evidence is a copy of a transfer from "Mrs. J. W. Tanner" to Hall showing the latter's purchase of Lots 6 and 7, Block 8. The net effect of the evidence in this regard is that Hall does not claim ownership of Lot 8, Block 9.
Mr. B. B. Taylor, Sr., who presumably represented all defendants excepting appellant L. Nauman Taylor and signed the sale as agent on their behalf, was not called as a witness. The failure to call *236 this important witness is unexplained in the record save for the statement contained in the trial court's reasons for judgment to the effect Mr. Taylor was unable to appear.
Although plaintiff bore the burden of proof herein, no serious attempt was made to prove the circumstances preceding execution of the sale in question. Certain negotiations between the parties are suggested and inferred by learned counsel for plaintiff both in oral argument and brief but are not supported by the evidence adduced. Furthermore, if Mr. B. B. Taylor signed the act of sale as agent for all vendors except appellant L. Nauman Taylor, as implied by plaintiff, the act of procuration to Taylor may have shed some light upon the intention of his principals, but unfortunately no power of attorney appears in the record.
There is some testimony to the effect that after the heirs and legatees were sent into possession of Mrs. Pond's estate all immovables were placed on private auction among the heirs and plaintiff being the highest bidder therefore became the purchaser. On this premise counsel for plaintiff argues that the intention of the heirs was to sell all immovables inherited from decedent whereas defendant maintains the intent was to sell only the property described in the inventory and judgment. In this regard defendant maintains there was no intention to sell the property in dispute since the controversial lots were shown in the inventory and judgment as belonging to persons other than decedent Emma Worthy Pond.
Fair v. Williams, La.App., 172 So. 393, was obviously cited by plaintiff through inadvertence considering it was subsequently overruled by the Supreme Court. See Fair v. Williams et al., 187 La. 953, 175 So. 631.
In the instant case the court is not called upon to reform a deed because of a mere omission of property therefrom or an erroneous description of property included therein but rather to include property which, by the terms of the act sought to be reformed, is expressly and specifically excluded therefrom. For obvious reasons an even greater burden of proof rests upon plaintiff herein under such circumstances.
Considering the paucity of evidence tending to establish the intention of the parties to include property excepted by the description contained in the deed in question, we conclude that plaintiff has failed to discharge the burden incumbent upon him of proving, by clear and convincing evidence, the mutual error and mistake essential to the asserted right of reformation.
Counsel for plaintiff-appellee has moved this Court to dismiss the present appeal as having been untimely taken, said motion being predicated upon the provisions of Article 2087 of the new Louisiana Code of Civil Procedure, LSA which requires that a devolutive appeal be taken within 90 days instead of one year as prescribed in our former Code of Practice. In this regard esteemed counsel directs our attention to the fact that whereas judgment in this cause was signed May 10, 1960, the appeal herein was not taken until April 29, 1961.
The aforesaid motion to dismiss is clearly without merit considering the case at bar was filed prior to January 1, 1961, the effective date of the Code of Civil Procedure as designated in Section 7 of Act 15 of 1960, and considering further that Section 4 (B) (2) (a) of said same act provides that the Code of Civil Procedure shall not decrease or shorten any procedural delay granted or allowed by any law in existence immediately prior to, and which had commenced to run but which had not yet completely elapsed upon the effective date of the Code.
For the reasons hereinabove assigned, it is ordered, adjudged and decreed that the appeal taken herein be dismissed as to all appellants save and except defendant L. Nauman Taylor. It is further ordered, adjudged *237 and decreed that the judgment of the trial court adverse to defendant-appellant L. Nauman Taylor be and the same is hereby reversed and set aside and judgment rendered herein in favor of said appellant L. Nauman Taylor and against plaintiff William H. Price dismissing said plaintiff's suit with prejudice, at plaintiff's costs.
Reversed.