On Motion to Dismiss.
BREAUX, J.
Defendant and appellee moves to dismiss the appeal on the ground that plaintiff and appellant had abandoned his appeal at the time that he moved for and perfected a second appeal.
*671 This is erroneous. Appellant had not perfected a second appeal.
On the 2d day of July, 1902, plaintiff asked for an appeal suspensive, and, in the alternative, devolutive, which was granted, and made returnable on September 5, 1901. The bond for a devolutive appeal was fixed at $50. The bond for a suspensive appeal was fixed by the Code of Practice. No bond was furnished by the appellant to complete this appeal, and no transcript was filed. This- was in July, 1901. The July following, plaintiff and appellant, on his petition, obtained another order of appeal, within the 12 months within which the judgment appealed from had been rendered. The amount of the bond was fixed, and bond was furnished. The appeal was made returnable on the 4th day of August, 1902. On the 5th of August, 1902, the transcript of appeal was filed, and on the same day defendant and appellee moved to dismiss on the ground before mentioned.
The contention of the appellee is that the failure to file the bond under the first appeal, and bring up the transcript on the day it was made returnable, operates as an abandonment of the appeal.
We do not find that it has ever been held that the failure to file the bond of appeal is an abandonment of the appeal.
The abandonment must be actual and voluntary. It is not to be inferred that abandonment was intended, and the right of appeal lost. If no bond is furnished, it is not considered that the appeal is completed, and that the case is pending on appeal.
If the party appealing has not completed his appeal, he may obtain a second order under which he may prosecute the appeal.
This was the decision in Mortee, Adm’r, v. Edwards, 20 La. Ann. 236.
In another case this court held that failure to give bond after having an order for a suspensive appeal does not operate as a bar to a devolutive appeal. Bank of America v. Fortier, 27 La. Ann. 243.
Where, as in the case before us for decision, appeilant had obtained an order for both appeals — suspensive and devolutive — but failed to timely file the transcript, the court held that the second appeal is valid, and that opponent’s failure to perfect the first appeal is not an abandonment of the appeal. Bowie v. Davis, 33 La. Ann. 346.
There is a difference between an aiipeal not perfected by the filing of bond and one which has been perfected by filing of the bond. In the former case it has been repeatedly held that there is no abandonment; im the latter, there is an abandonment of the appeal.
Following the rule laid down, we must decline to grant the motion.
The motion to dismiss is therefore overruled, and the case will be decided on the merits.