148 So.2d 834 (1963)
Philip J. THOMPSON, d.b.a. Thompson Refrigeration Sales and Service
v.
Guy STACY.
No. 892.
Court of Appeal of Louisiana, Fourth Circuit.
January 7, 1963.
Rehearing Denied February 4, 1963.
*835 Adelaide Baudier, New Orleans, for plaintiff-appellant.
George Smill, New Orleans, for defendant-appellee.
Before YARRUT, JANVIER and TURNER, JJ.
YARRUT, Judge.
Plaintiff appeals from a judgment of the lower court maintaining Defendant's plea of payment, and dismissing his suit. Defendant's plea of payment is predicated upon a dispute over the amount due, resulting in a compromise for $350.00, plus $28.84, for which amounts he gave Plaintiff two checks, prepared by Plaintiff's collector, on which she marked "Paid in Full," which checks were turned into Plaintiff's office, deposited and paid by the bank.
Plaintiff was engaging in servicing refrigeration equipment, and normally did not collect for each service as rendered, but permitted his customers to make payments on account. Letterhead statements were sent to those customers who paid by check through the mail. No such statements were sent to customers from whom his collector "Irene" would make periodic collections, as was the custom with Defendant.
Defendant was a customer under a service contract for two and one-half years, from February 9, 1959 to May 24, 1961. On March 16, 1961 Defendant was visited by "Irene" to collect his monthly check. Defendant asked "Irene" how much he owed as he wanted to settle and close his account "once and for all." He challenged the amount she claimed and asked her to call Plaintiff's office to confirm the amount owing, with the following result:
"* * * A. She called up the office and said it was a mistake, that it was another Stacy, so she got the bill keeper and said your bill is $400-and-some-odd.
"I said, `Okay, call Mr. Thompson and ask how much it's going to take to square it up, I don't want the service any more.'
"So she called up and said, `He'll take off a hundred dollars.'
"This is the handwriting, by the way, she made out the check.
"Q. And you signed it?
"A. I signed it, that's right, for $350.00 and then he came a month later with some more service, which I didn't want, so Miss Irene called the office up and says, `Mr. Stacy doesn't want your services any more.'
"So, I paid them, I believe you have the check twenty dollars.
"Q. That's as of April 17, 1961?
"A. Yes, a month afterwards.
"Q. Did she make out the check, herself?
"A. Yes, sir, and then I had my manager call up the office, Mr. Bosch.
* * * * * *
"Q. Now, was any services rendered after this, Mr. Stacy?
"A. Yes, one day I came into the place and the bar maid said Mr. Thompson come in and put some filters into the machine, I said, `Filters, I didn't asked for filters.'
"I was through with him a couple of months ago, I went and looked.
"Sure enough, there were a couple of filters, they were about an inch too short, they weren't right for the machine.
* * * * * *
"Q. Did the filters fit?
"A. No, they were an inch too short. I still have the filters. I called up the office and told them to come and pick up the filters in *836 there, and I told them to come get them. They are still there, they are brand new."
Plaintiff admitted "Irene" was his collector, but contends she had no authority to compromise and that he did not know his office had accepted the checks for $350.00 and $28.84 marked "Paid in Full." Further, that a compromise or an accord-and-satisfaction must be in writing.
Plaintiff did not produce "Irene" nor account for his failure to do so, creating the inference that her testimony would have corroborated Defendant.
Whether "Irene" had authority or not is not too material, since Plaintiff's office received, accepted and deposited the checks clearly marked "Paid in Full," constituting a ratification of "Irene's" action and therefor estopping Plaintiff. Davis-Wood Lumber Co. v. Farnsworth & Co., La.App., 171 So. 622.
Where a dispute exists between parties as to amount due, a mutual settlement and payment of the amount agreed upon is binding on both, except in case of fraud or misrepresentation. LSA-C.C. Art. 3071; Mall Tool Co. v. Poulan, 40 So.2d 512.
Plaintiff contends that an agreement of compromise must be in writing. Under LSA-C.C. Art. 3071 and the jurisprudence, an agreement of compromise need not be in writing, unless it deals with an immovable. Here, there was a writing, to-wit, both the checks and the invoice were marked "Paid in Full." Upton v. Adeline Sugar Factory Co., 109 La. 670, 33 So. 725; Zibilich v. Rittenberg, 18 La.App. 628, 139 So. 309; Van Vleet Mansfield Drug Co. v. Anders, La.App., 157 So. 166.
Briefly, Defendant disputed the amount claimed due on his running account with Plaintiff. Plaintiff's collector obtained authority to accept Defendant's checks for the amount he was willing to pay in settlement. Defendant signed his checks, made out by Plaintiff's collector, marked "Paid in Full" which she delivered to Plaintiff's office. The checks were deposited in Plaintiff's bank account and paid without question. Hence, Defendant's indebtedness to Plaintiff was fully liquidated.
For the above and foregoing reasons, the judgment of the lower court is affirmed; Plaintiff to pay costs in both Courts.
Affirmed.