LOTTINGER, Judge.
This is a suit by C&M Properties, Incorporated as petitioner against R. B. Alexander, Incorporated, as defendant for the return of an alleged advance real estate commission payment in the sum of $1,750.00. The Lower Court awarded judgment in favor of defendant and dismissed petitioner’s suit. The petitioner has taken a devolutive appeal.
The record reflects that the defendant, R. B. Alexander, Inc., hereinafter referred to as Alexander, is a relator generally engaged in the real estate business within the Parish of East Baton Rouge, State of Louisiana. The President of the corporation and the person from whom it gains its name is Mr. R. B. Alexander.
Petitioner, C&M Properties, Inc., hereinafter referred to as C&M, is presently engaged in the purchasing, developing and selling of real estate within the boundaries of the Parish of East Baton Rouge, State of Louisiana. The President and major stockholder of C&M is Charles A. Hans-brough.
During the month of July, 1966, the International Brotherhood of Electrical Workers, Local Union No. 995 made a written offer to C&M to purchase certain property owned by the said corporation. This offer was presented to the corporation by Mr. Roy L. Roshto, the person with whom the Union had been dealing. C&M accepted the offer to purchase “subject to purchaser assuming any sewer or street assessments in effect”.
•This counter-offer, or conditioned acceptance, was not brought to the attention of the Union until its attorney examined the title and found sewer assessments bearing against the said property. The Union refused to purchase the parcel of land subject to the sewer assessments. After negotiations between C&M and the Union, a mutual release and receipt was agreed upon wherein both parties were released from any obligation under the terms of the offer and counter-offer to purchase and the deposit made by the Union was returned by C&M.
In the meantime, on September 14, 1966, C&M gave its check payable to the order of Alexander in the sum of $1,750.00 to Roy L. Roshto who, in turn, transferred the same to Alexander. Subsequent to the refusal of the Union to go through with the conditional sale, C&M filed this suit against Alexander alleging that the payment of $1,750.00 represented an advance real estate commission to Alexander. Answer was filed by Alexander alleging, among other pleadings, the affirmative defense of compromise as a bar to petitioner’s suit.
Following trial on the merits, the Lower Court found judgment in favor of Alexander and against C&M and dismissed the suit. C&M has appealed.
The decision of the Lower Court was based upon the following excerpt from the Court’s oral reasons:
“Counsel for plaintiff has cited numerous authorities on when a real estate commission is due and when it is not due. In answer to those arguments, the Court will simply say that this is not a *231 suit for a real estate commission, but is a suit to recover what is alleged to have been paid as a compromise commission and does not represent the same legal question as is presented in the numerous cases cited by counsel for plaintiff.”
The purchase price set forth in the agreement to purchase was in the sum of $62.500.00. Mr. Hansbrough, the President of C&M, testified that the normal real estate commission at the time of the trial was six percent, however, he could not recall whether at the time of the signing of the agreement to purchase the real estate commission was then five or six per cent. Mr. Roshto fixed the commission existing at the time of the agreement at six per cent.
Mr. Hansbrough further testified that he and Mr. Roshto had several conferences relative to the real estate commission and that the defendant finally agreed to accept the sum of $1,750.00 which was approximately fifty per cent of the normal commission on a sale of this type. He further testified that this represented payment in full of the commission of the real estate agency.
Mr. Roshto, whom the evidence indicates owned an interest in the property with C&M, and who was actually negotiating on behalf of himself and C&M for the sale of the property, testified that he discussed the matter of the real estate commission from time to time with Mr. Hansbrough. He testified that he and Mr. Alexander were very optimistic about the final passing of the sale and, rather than go to the end of the agreement and pay the six per cent commission, they negotiated with Mr. Alexander and paid fifty per cent thereof which they believed to be very reasonable. They had originally offered Alexander the sum of $1,100.00 as commission, however, after negotiations, they finally agreed to pay $1,750.00.
Following the conclusion of the negotiations between Mr. Roshto and Alexander, the results thereof were relayed to Mr. Hansbrough who wrote the check payable to defendant. Mr. Roshto testified that both he and Mr. Hansbrough understood that this was a settlement of the services that had been rendered up to that point by Alexander, and that this settlement was made for the consideration of the reduction of the commission.
Considering the above, we find that there is no question but that the payment of the sum of $1,750.00 by C&M to Alexander represented a negotiated compromise of any real estate fees which might be due Alexander by C&M.
The record further reflects that Mr. Roshto was a silent partner to the extent of an undivided one-half interest of any net proceeds to be received by the sale of the property. This fact was substantiated by the testimony of Mr. Hansbrough who testified that Mr. Roshto had negotiated the purchase of the property by C&M and that actually the purchase was to have been made jointly by both C&M and by Mr. Roshto; however, because of financial difficulties, the full title was taken in the name of C&M Properties with the obligation to pay Mr. Roshto half of the net profits to be derived from the property.
Thus it is apparent that the sale of this particular piece of property was a partnership venture between C&M and Mr. Rosh-to and that Mr. Roshto handled all negotiations between this partnership and its real estate agent. The payment of the sum of $1,750.00 by C&M to Alexander was in the form of a transaction or compromise of the real estate fee under the provision of Article 3071 of the Louisiana Civil Code which provides as follows:
“A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which everyone of *232 them prefers to the hope of gaining, balanced by the danger of losing.
This contract must be reduced into writing.”
Although C&M believed that a lesser commission or no commission was due to Alexander, on the insistence of Mr. Roshto, a tender was eventually made of the sum of $1,750.00 and Alexander accepted the payment so tendered. This tender of payment was reduced to writing in the form of a check which bore the notation, “For real estate comm-Loudon prop, sale to B.R. Elec. Local No. 995”. Although, under the jurisprudence of this State, an agreement of compromise need not be in writing unless it deals with immovables, here there was a writing, to-wit, a check. Thompson v. Stacy, La.App., 148 So.2d 834.
Even if we were to assume, solely for the purpose of the argument, that it was Mr. Roshto and not C&M which was indebted to Alexander, it is clear that C&M could discharge this indebtedness for and on behalf of Roy L. Roshto, and the claim for reimbursement by C&M would still fail. Article 2134 of the Louisiana Civil Code provides:
“An obligation may be discharged by any person concerned in it, such as a coobli-gor or a surety.
The obligation may even be discharged by a third person no way concerned in it, provided that person act in the name and for the discharge of the debtor, or that, if he act in his own name, he be not sub-rogated to the rights of the creditor.”
Thus, even under this assumption, the payment made would have been on the account of and on behalf of R. L. Roshto, who freely admitted that an obligation did exist.
For the reasons hereinabove assigned, the judgment of the Lower Court will be affirmed. All costs of this appeal to be paid by petitioner.
Judgment affirmed.