LOTTINGER, Judge.
This is a suit on a homeowners insurance policy for damage done by Hurricane Betsy which occurred on September 9-10, 1965. The petitioners are Mr. & Mrs. Eugene O. Hicks and defendant is The Fidelity-Southern Fire Insurance Company. The Lower Court awarded a judgment in favor of petitioner and against defendant in the sum of $6,517.75 together with legal interest from date of judicial demand. The defendant has filed this suspensive appeal and the petitioner neither appealed nor answered defendant’s appeal.
On June 17, 1966 plaintiffs, Mr. and Mrs. Eugene O. Hicks, owners of a single residence located adjacent to a lake at Slidell, Louisiana, sued their windstorm insurer, The Fidelity-Southern Fire Insurance Company, claiming two items of damage. These were:
1. The sum of $103.50 for windstorm damage to the residence roof on August 19, 1965. This claim was abandoned at the time of trial and formed no part of this appeal.
2. The sum of $8,267.34 for damages resulting from Hurricane Betsy, which occurred on September 9-10, 1965. In support of their claim plaintiffs appended to their petition handwritten lists categorized as “Dwelling” damage, $2,719.91; “Contents” damage, $3,625.78; “Personal” damage, $1,481.97; and “10% ext Out Buildings, ect.” damage, $439.68. These four handwritten lists totaled $8,267.-34. From that sum plaintiff deducted a 20% depreciation factor, leaving a net claim of $7,613.87.
The defendant denied plaintiffs’ claim on the basis of compromise and release. Defendant showed that plaintiffs had originally submitted a claim of $2,353.00 which was compromised for the sum of $1,267.00. A proof of loss in the sum of $1,267.00 was submitted by plaintiffs and defendant issued its payment draft in that amount to plaintiffs and their mortgage company on September 29, 1965. The front of the payment draft contains the words, “In Full Settlement Of Any And All Claims,” and also shows, “Loss Date 9-9-65,” and the back thereof contains the words, “By Endorsement Hereof Payee Hereby Releases All Claims Arising Out Of The Occurrence Referred To On The Face Hereof Against Fidelity-Southern Fire Insurance Of Houston.” The release on the payment draft was executed by both Mr. and Mrs. Hicks, plaintiffs, and their mortgage company, which was a loss-payee under defendant’s policy.
Defendant’s answer had been preceded by exceptions to the effect that the loss-payee, National American Bank of New Orleans, should be joined as a plaintiff. The Trial Court overruled that exception.
Following a trial on the merits, the Trial Court ruled that defendant’s policy was divisible into three separate “compartments” of coverage, to-wit:
A. Dwelling
B. Appurtenant Private Structures
C. Unscheduled Personal Property
The Trial Court then held that only those items covered under Coverage A were released by prior payment. It then awarded plaintiffs the full limit of Coverage B, $1,410.00, and under Coverage C it awarded plaintiffs’ handwritten list of $1,481.97 for *528 “personal” damages and $3,625.78 for “contents” damages, or a subtotal of $5,107.75. The entire award was for $6,517.75.
Plaintiffs’ petition makes no mention of the settlement plaintiffs made with defendant in advance of this suit. There are no allegations whatsoever seeking to avoid or nullify the release executed by plaintiffs.
Defendant has specifically pleaded the release in bar of this suit. The release is signed by Eugene O. Hicks, Alice R. Averett Hicks and National American Bank of New Orleans, the three parties with an insurable interest under the policy.
Plaintiffs admittedly made a claim against defendant, submitting a proof of loss which was honored by payment. In making a compromise payment of the amount claimed, defendant obtained from plaintiffs a general release from all claims.
The applicable law is stated at Article 3083 of the Louisiana Civil Code:
“When parties have compromised generally on all the differences, which they might have had with one another, the titles which they then know nothing of and which were afterwards discovered, are not a cause of rescinding the transaction, unless they have been kept concealed on purpose by the deed of one of the parties.”
What has happened in this litigation is that despite the absence of pleadings by plaintiffs seeking to annul or avoid the release executed by them the Court has allowed them to avoid the release. The Court did this on the basis of Mr. Hicks’ statement that he was not aware of the full extent of the coverage or his alleged loss at the time he executed the proof of loss and release which he and his wife signed. In so ruling, the Court has specifically violated Article 3083, supra. At Article 3078, the Civil Code says that “transactions have, between the interested parties, a force equal to the authority of things adjudged.” Cases on point in which releases on drafts were held valid and enforceable are C and M Properties, Inc. v. R. B. Alexander, Inc., 219 So.2d 229 (La.App.1st Cir. 1969); Thompson v. Stacy, 148 So.2d 834 (La.App.4th Cir. 1963); Darensbourg v. Columbia Cas. Co., 140 So.2d 241 (La.App.4th Cir. 1962). And in Collier v. Succ. of Blevins, 136 So.2d 774 (La.App.4th Cir. 1962), the Court pointed out that a compromise may not be attacked on the ground that the payee did not receive everything to which he might have been entitled.
 In the absence of fraud, error or duress (none of which are claimed by plaintiffs) a release is a complete bar to any further prosecution by plaintiffs of any claim whatsoever for damages arising out of Hurricane Betsy. A release on the reverse of the draft is an acceptable form and bars further prosecution of plaintiff’s claim.
Accordingly, the judgment of the Trial Court is reversed, and judgment is now rendered in favor of defendant and against plaintiffs rejecting plaintiffs’ demand and dismissing their suit. All costs in both courts are to be paid by plaintiffs.
Judgment reversed.