PRICE, Judge.
Plaintiff, Mrs. S. George Wolfe, brought this action against Safeway Stores, Inc. seeking to enforce an alleged agreement to compromise and settle all claims for damages sustained by her in a fall on the premises of defendant in Shreveport, Louisiana on November 13, 1974. Defendant filed an exception of no cause of action asserting that as the compromise agreement sued upon was not in writing, it was, therefore, unenforceable. This exception was overruled by the trial court and after submission of the case on the merits, judgment was rendered for plaintiff in the sum of $700 and costs. From this adverse judgment, defendant has perfected this suspensive appeal. The chronology of events and pertinent facts giving rise to litigation are substantially as follows:
Subsequent to the fall of Mrs. Wolfe on November 13, Mr. Whitfield Jack, an attorney of Shreveport, wrote a letter to defendant dated November 19, 1974, advising them of his representation of plaintiff. Mr. E, Dale LeBlanc of General Adjustment Bureau responded to Jack’s letter on December 10, 1974, which began a negotiation between these parties. By letter of June 9, 1975, Jack proposed a settlement of Mrs. Wolfe’s claims for the sum of $1,725. On June 20, 1975, LeBlanc called by telephone to Jack making a counter offer of $700. On June 23, 1975, Jack wrote plaintiff advising of the counter offer and in a blind post script to LeBlanc advised that he would recommend his client’s acceptance of the offer. On July 1, 1975, Jack wrote LeBlanc advising that the $700 was accepted. On July 16 and 18, 1975, Jack telephoned LeBlanc requesting that the settlement be completed expeditiously. On July 23, 1975 Jack filed suit on behalf of plaintiff against defendant seeking judicial enforcement of the alleged compromise settlement in the sum of $700. Later, on this same date, but subsequent to the filing of the suit, Jack’s office was advised by an employee of General Adjustment Bureau that a settlement draft was on hand in their Shreveport office. Again on July 24, 1975, LeBlanc informed Jack the draft and settlement papers were in his office. By letter of July 28, 1975, Jack advised defendant that he would still accept the $700 settlement offer, dismiss the suit, and assume all costs incurred to date in connection therewith. No further response was *746 made by defendant and this suit was thereafter prosecuted to judgment.
Defendant takes the position that under the foregoing undisputed facts there has been no written agreement of compromise as required by Louisiana Civil Code Article 3071, and therefore, the trial court was in error in awarding judgment for plaintiff. The thrust of defendant’s argument is that all writings tending to show an agreement of compromise had been con-fected were made by plaintiff’s counsel and that there is nothing in writing from defendant signifying an acceptance of the offer.
In his reasons for judgment, the trial court found that the issuance by defendant of the draft with the notation thereon that it was being issued in settlement of plaintiff’s claims was sufficient to constitute a written acceptance by defendant.
Louisiana Civil Code Article 3071 provides as follows:
A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a law suit, adjust their differences by mutual consent, in the manner which they agree on, in which every one of them prefers to the hope of gaining, balanced by the danger of losing.
This contract must he reduced in writing. [empahsis supplied]
In Senegal v. Delahoussaye, 311 So.2d 58 (La.App. 3rd Cir. 1975), the general rule on the proof necessary to establish a compromise is expressed as follows:
Our jurisprudence is established that a writing evidencing a compromise must be complete in itself, that it must show the intention of the parties to compromise their differences, and that it must he independent of parol testimony to establish its meaning. A writing will not be considered to be a transaction or compromise if the court must receive parol evidence in order to reach that conclusion. [emphasis supplied]
Also see Francois v. Maison Blanche Realty Company, 134 La. 215, 63 So. 880 (1913); Reed v. American Casualty Co., 317 So.2d 648 (La.App. 1st Cir. 1975); Stablier v. Partin, 278 So.2d 537 (La.App. 1st Cir. 1973).
The record shows that at the time of the filing of this suit on July 23, 1975, neither plaintiff nor her attorney had any knowledge that the draft now relied upon by them as a written acceptance had been prepared by defendant and forwarded to its agent, General Adjustment Bureau. The evidence shows this instrument has continued to remain in the possession of defendant’s agent and has never been delivered to plaintiff.
We are of the opinion that the preparation of the draft and accompaning release agreement in anticipation of consummating a tentative settlement proposal without actual delivery of the instruments to the adverse party does not constitute a written acceptance of an offer to compromise or an acknowledgment in writing that such an agreement had been made.
Therefore, the written proof of the agreement is entirely unilateral and is insufficient under the provisions of Article 3071 and the above jurisprudence interpreting this article to establish the compromise agreement sued on.
In accord with the foregoing, the judgment appealed from is reversed and plaintiff’s demands are rejected at her costs.