346 So.2d 882 (1977)
Agnes CARTER
v.
Salvadore T. MULE and St. Paul Fire and Marine Ins. Co.
No. 8021.
Court of Appeal of Louisiana, Fourth Circuit.
May 17, 1977.
Rehearing Denied June 7, 1977.
Steven R. Plotkin, John William Corrington, New Orleans, for plaintiff-appellant.
Dodge, Friend, Wilson & Spedale, Gordon F. Wilson, Jr., New Orleans, for defendants-appellees.
Before SAMUEL, BOUTALL and BEER, JJ.
BEER, Judge.
On April 17, 1974, Helen Jean Sims fell through some wooden steps at her leased residence in New Orleans. The resulting injuries caused her to be hospitalized for three weeks. Shortly thereafter, on June 20, 1974, she employed Mr. Salvadore T. Mule to represent her with respect to her injury claim against the landlord. Later, Mrs. Sims contracted pneumonia (apparently unrelated to the injuries sustained in her fall) and died on September 7, 1974.
On or about May 15, 1975, Agnes Carter, Mrs. Sims' mother and apparent survivor with respect to any cause of action accruing under LSA-C.C. Art. 2315,[1] discharged Mr. Mule, who had not, as of that date, instituted any suit in connection with the possible claim and, concurrently, employed Mr. Steven R. Plotkin as attorney to prosecute a malpractice suit against Mr. Mule as a result of his alleged apparent failure to timely sue on behalf of the late Mrs. Sims. Thereafter, some discussions regarding settlement of the alleged malpractice claim took place, followed, on November 20, 1975, *883 by the institution of this claim against Mr. Mule.
On December 15, 1975, attorneys for Mr. Mule filed exceptions of no cause or right of action, and a motion for summary judgment contending, inter alia, that any claim against the landlord would not prescribe until one year from the date of the death of Mrs. Sims. Thus, they contended, the claim that had allegedly prescribed due to Mr. Mule's alleged oversight or failure to file suit was, in fact and in law, viable as of the time that Mr. Mule was discharged by Agnes Carter. In response, plaintiff filed exceptions of res judicata and, additionally, a motion for summary judgment asserting that a compromise settlement of the malpractice claim had been consummated. Affidavits in support of this contention were also filed. Defendant filed a motion to dismiss plaintiff's exception and motion and, also, filed an affidavit essentially traversing Mr. Plotkin's affidavit in support of the motion which contended that an oral compromise had, in fact, been reached in connection with the settlement of the alleged malpractice claim.
On January 26, 1976, plaintiff filed a petition seeking specifically to enforce the alleged compromise and, shortly thereafter, defendant denied that a compromise had ever been effected.
On April 23, 1976, all exceptions and motions were argued and, thereafter, the Civil District Court granted Mr. Mule's motion for summary judgment which precipitated this appeal. The court stated:
"This Court is of the opinion that this case of JONES VERSUS LIBERTY decided 248 So.2d 878 [La.App.] gives the right to a survivor of an alleged tort victim one year from the date of death of the alleged tort victim to bring their suit in their capacity as survivor of the victim. . . This Court is of the opinion that the petitioner herein, Agnes Carter, had until the time of September 7, 1975, to file the instant suit in which Mr. Mule was out of the picture, not representing Mrs. Carter . . . The Court recognizes Mr. Plotkin's argument about an alleged compromise settlement herein and states . . . that by granting the summary judgment the concept, the problem of the compromise, alleged compromise settlement, is of no moment herein. . . ."
On April 26, 1976, written judgment was rendered with the following adjudication:
"IT IS ORDERED, ADJUDGED AND DECREED that there be judgment in favor of Salvadore T. Mule and St. Paul Fire & Marine Insurance Company granting their summary judgment and dismissing the petition of plaintiff, Agnes Carter, with prejudice;
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the motion for summary judgment and exception of res judicata of Agnes Carter be and they hereby are dismissed; and IT IS FURTHER ORDERED that the exceptions of Salvadore T. Mule and St. Paul Fire & Marine Insurance Company be and they hereby are dismissed without prejudice the exceptions having become moot with the granting of the motion for summary judgment."
Obviously, the district court was of the view that all other issues were mooted by the judicial resolution of the issue concerning whether Mrs. Sims' original claim had or had not, as a matter of law, prescribed as of the time that Agnes Carter discharged Mr. Mule and employed Mr. Plotkin.
However, appellant strenuously contends that a compromise of the malpractice claim had been effected by and between Agnes Carter's then attorney, Mr. Plotkin, on one hand, and Mr. Mule (and his malpractice insurer) on the other hand, even though the alleged compromise agreement had not been reduced to writing.
Appellant cites Theatre Time Clock Co. v. Motion Picture Adv. Corp., 323 F.Supp. 172 (D.C.1971), to support her contention that an oral compromise of settlement is enforceable. That federal court decision, in turn, cites C & M Properties, Inc. v. R. B. Alexander, Inc., 219 So.2d 229 (La.App. 1st Cir., 1969), and Thompson v. Stacy, 148 So.2d 834 (La.App. 4th Cir., 1963).
*884 Thompson v. Stacy, supra, in turn, cites Upton v. Adeline Sugar Factory Co., 109 La. 670, 33 So. 725, Zibilich v. Rittenberg, 18 La.App. 628, 139 So. 309, and Van Vleet Mansfield Drug Co. v. Anders, La.App., 157 So. 166.[2]
However, a careful reading of Van Vleet Mansfield Drug Co. v. Anders, supra, the earliest case cited, leads to a realization that the holding in that case, which seems to affect the subsequently decided cases, is still to the effect that a contract of compromise must, in order to be effective, be reduced to writing. (Louisiana Civil Code Article 3071.) What is confusing (and what probably accounts for some misinterpretation and misapplication of Van Vleet and the cases following) is the further observation in Van Vleet to the effect that the authority of an agent to compromise for his principal is not indispensably required to be in writing.
The trial court relied upon J. Wilton Jones Co. v. Liberty Mutual Insurance Company, 248 So.2d 878 (La.App. 4th Cir., 1970) writs den. 259 La. 61, 249 So.2d 202. In that case, a widowed survivor failed to exercise within one year of decedent's death, her own right of action and, additionally, failed to substitute herself in an action for personal injury timely instituted by the decedent. On appeal, we concluded that Art. 2315 today, construed in the light of its history and together with legislative amendments to the laws, including CCP Arts. 428 and 801, must be interpreted as providing for survival of a tort victim's right to recover personal injury damages in favor of the designated survivors. Where no action has been instituted, the right to institute an action survives only during one year from the victim's death, but the right to recover survives beyond that period if the action is timely instituted. Thus, when a tort victim dies prior to the prescriptive date of his injury, his statutorily designated survivor may bring suit, based upon the decedent's not yet prescribed right to recover, within "a period of one year from the death of the deceased. . . ." Accordingly, the right to recover which, under the circumstances here present, accrued to Agnes Carter did not expire until September 7, 1975, one year after the death of her daughter, Mrs. Sims.
Since nothing has changed the basic codal requirement that a compromise agreement must be "reduced in writing" as provided by LSA-C.C. Art. 3071 (see Charbonnet v. Ochsner, 258 La. 507, 246 So.2d 844 (1971), Senegal v. Delahoussaye, 311 So.2d 58 (La.App. 3rd Cir., 1975), and Wolfe v. Safeway Stores, Inc., 335 So.2d 744 (La. App. 2nd Cir., 1976) and since Mr. Mule was discharged by Mrs. Carter on or about May 15, 1975, at which time suit could have been filed by Mrs. Carter in behalf of the decedent against the alleged responsible landlord, we find the summary judgment to be correct.
The judgment is affirmed at appellant's cost.
AFFIRMED.
NOTES
[1] In 1950, decedent had married Charles Henry Sims. No issue came of this marriage. Mr. Sims abandoned Mrs. Sims over twenty years prior to the accident.
[2] We refer first to Theatre Time Clock Co. v. Motion Picture Adv. Corp., supra, for the purpose of establishing the linkage back to Van Vleet, supra, the basic state court decision.