393 So.2d 200 (1980)
Lydia RICHARDSON
v.
LOUISIANA FARM BUREAU MUTUAL INSURANCE COMPANY et al.
No. 13702.
Court of Appeal of Louisiana, First Circuit.
November 10, 1980.
Rehearing Denied January 26, 1981.
Writ Refused April 6, 1981.
*201 Guy Holdridge, Gonzales, for plaintiff and appellee.
Robert J. Vandaworker, Baton Rouge, for defendant and appellant.
Before COVINGTON, CHIASSON and LEAR, JJ.
COVINGTON, Judge.
This is an appeal by defendants, Louisiana Farm Bureau Mutual Insurance Company and Harold Marchand, from a judgment of the Parish Court, Parish of Ascension, State of Louisiana, in favor of the plaintiff, Lydia Richardson, the insured, in the sum of $500, interest and costs. We affirm in part and reverse in part.
The suit arose out of an alleged insurance contract and compromise agreement between the insurer and the insured. On May 17, 1979, the insured, Lydia Richardson, filed this petition for breach of contract against the insurer and Harold Marchand, the insurance agent. The suit alleged that the insurer had insured the plaintiff's mobile home against damage caused by fire, that a fire loss occurred on February 13, 1978 (more than one year prior to the institution of the suit), that prior to February 13, 1979, she received from the insurer an offer to settle her claim for the fire loss for $500. She further asserts that Ray Robbins, acting as her agent, accepted the offer and notified the defendants of her acceptance before February 13, 1979, and before the withdrawal of the offer by the defendants.
To the petition, the defendants filed an answer denying any indebtedness to Mrs. Richardson. The defendants contend that the insurer has paid the loss in full, that plaintiff's action has prescribed, that there never was a compromise settlement in writing as required by law. The plaintiff admitted in interrogatories that there was no written compromise settlement agreement between her and the defendants. Thereupon, the defendants moved for a summary judgment, which was denied.
Thereafter, the suit was tried on the merits. At the conclusion of the plaintiff's evidence, the defendant Marchand moved for a directed verdict, which was granted. The case, after the trial, was taken under advisement, with judgment later rendered in favor of the plaintiff against both defendants. In his reasons for judgment, the trial judge stated:
"The Court finds that an oral compromise agreement was entered into between plaintiff and defendant to settle plaintiff's claim for the sum of Five Hundred and No/100 Dollars ($500.00). Roy Robbins, who testified on plaintiff's behalf, stated that he acted as Mrs. Richardson's agent in this matter, and that he advised Mr. Harold Marchand, agent for Louisiana Farm Bureau Mutual Insurance Company, that Mrs. Richardson would accept the Five Hundred and No/100 Dollars ($500.00) offered by the company.
"Finding that an oral compromise was reached between those parties, the question is whether or not such a compromise agreement is enforceable in view of Article 3071, which apparently imposes the requirement that said agreement be reduced to writing.
"The Court feels that this codal article does not invalidate an otherwise valid agreement, and has, as its objective, evidentiary purposes. Obviously, a written agreement of compromise is more susceptible of proof than one which has not been reduced to writing. The Court feels that Article 3071 was never intended to invalidate an otherwise valid compromise agreement, simply because it has not been reduced to writing. To so hold, would, in the Court's view allow persons to escape otherwise valid agreements by contending that such agreements were not in writing."
*202 There was, of course, no basis for judgment against Harold Marchand. The trial judge had granted a directed verdict in Marchand's favor, because there was no evidence to show any personal liability on his part. LSA-C.C.P. art. 1810. The record reflects that Mr. Marchand was the insurance agent who sold the policy to Mrs. Richardson; he was not the adjuster involved in the negotiations for payment of the fire loss under the policy. Mrs. Richardson admitted that Mr. Marchand never made any offers to her relative to her claim, and none of the witnesses testified to any personal liability on Marchand's part. The trial court erred in rendering judgment against him.
Turning now to the question of whether there was an enforceable compromise settlement between the insurer and the plaintiff, we hold that the trial court erred in finding that there was an enforceable compromise despite the fact that there was no written agreement between the parties. LSA-C.C. art. 3071 specifically insists that an agreement of compromise "must be reduced into writing." The jurisprudence is to the effect that an oral compromise agreement is unenforceable; in order to be effective, a compromise agreement must be in writing. Carter v. Mule, 346 So.2d 882 (La.App. 4 Cir. 1977), writ denied, 349 So.2d 870 (La.1977); Senegal v. Delahoussaye, 311 So.2d 58 (La.App. 3 Cir. 1975).[1]
The plaintiff argues that if the Court finds there was no enforceable compromise agreement between the parties, the doctrine of equitable estoppel allows the plaintiff to recover the amount sued upon. The plaintiff has neither specially pleaded nor proved the elements of equitable estoppel, so this doctrine will avail her nothing. To rely on equitable estoppel, the pleader must prove not only that he relied upon a representation or conduct of the other party, but that he was justified in so doing and that he changed his position to his detriment because of his reliance. Wilkinson v. Wilkinson, 323 So.2d 120 (La.1975).
The plaintiff also argues that her action has not prescribed. This suit was brought more than one year after the alleged fire loss and, under provisions of the policy sued upon, the suit was not timely filed, unless prescription has been interrupted. See LSA-R.S. 22:691 F (Standard Fire Insurance Policy); Grice v. Aetna Casualty and Surety Company, 359 So.2d 1288 (La.1978).
Prescription may be interrupted by either an express or a tacit acknowledgment of the right by the debtor.
LSA-C.C. art. 3520 provides:
"Prescription ceases likewise to run whenever the debtor, or possessor, makes acknowledgment of the right of the person whose title they prescribed."
LSA-C.C. art. 3551 provides:
"The prescription releasing debts is interrupted by all such cases [causes] as interrupt the prescription by which property is acquired, and which have been explained in the first section of this chapter...."
When the two articles are read together, it is clear that the Article 3520 applies to liberative, as well as acquisitive, prescription. As applied to liberative prescription, Article 3520, in effect, provides that such prescription is legally interrupted when the debtor makes acknowledgment of the right of the creditor, the person against whose claim he prescribed, Flowers v. United States Fidelity & Guaranty Company, 381 So.2d 378 (La.1980), and, in effect, is applicable to all rights or actions.
Acknowledgment sufficient to interrupt prescription may be made verbally, in writing, by partial payment, by payment of interest, or by pledge, or in other ways. In other words, it need not be in any particular form. It may be implicit or it may be inferred from the facts and circumstances. Lake Providence Equipment Company v. Tallulah Production Credit Association, 257 La. 104, 241 So.2d 506 (1970); Comment, Interruption of Prescription by Acknowledgment in Louisiana, 14 Tul.L.Rev. 430 (1940).
*203 We find, from the evidence, that the insurer intended to acknowledge the insured's rights as claimed by the plaintiff, Mrs. Richardson. The evidence discloses that the insurer admitted that it owed Mrs. Richardson for the fire damages. The insurer only questioned Mrs. Richardson's estimate of how much it owed to the insured. Her "right" to recover was recognized by the actions of the insurer. Prescription of an unliquidated claim for damages may be interrupted by the tacit acknowledgment of the debtor. Flowers v. United States Fidelity & Guaranty Company, supra. We find that there was a tacit acknowledgment in the instant case so as to interrupt prescription, and that the evidence supports the trial judge's award of $500.00.
Accordingly, for the reasons set out above, we affirm the judgment insofar as it is rendered in favor of the plaintiff against the defendant, Louisiana Farm Bureau Mutual Insurance Company, in the amount of $500.00, legal interest from date of judicial demand and all costs; we reverse the judgment insofar as it runs against Harold Marchand; the suit as to him is dismissed. The appellant, Louisiana Farm Bureau Mutual Insurance Company, is cast for costs of this appeal.
AFFIRMED IN PART; REVERSED IN PART.
NOTES
[1] Also, see Bourgeois v. Franklin, et al., 389 So.2d 358, decided by our Supreme Court on October 6, 1980.