PONDER, Judge.
This is a suit in tort for damages resulting from an automobile accident. From a judgment of the trial court overruling a *225 plea of prescription, defendants applied for writs of Prohibition, Certiorari, and Mandamus. We issued an Alternative Writ. The trial court elected the alternative, maintaining its ruling is correct.
The sole issue is interruption of prescription. We make the writ peremptory.
Plaintiff, Clara Collins, was injured in an automobile accident October 3, 1979. In December, 1979, defendants’ insuror issued a draft in the name of both Henry and Clara Collins in payment for property damage to the automobile. Plaintiffs filed suit for Mrs. Collins’ medical expenses, lost wages and personal injuries on October 23, 1980. The trial court first sustained a plea of prescription but then overruled it on rehearing. Relying on the rationale of Flowers v. United States Fidelity and Guaranty Company, 381 So.2d 378 (La. 1980) and Richardson v. Louisiana Farm Bureau Mutual Insurance Company, et al, 393 So.2d 200 (1st Cir. 1981), the court held that payment jointly to the husband and wife for property damage to the automobile was a tacit acknowledgment of all claims by both plaintiffs.
Defendants argue the trial court erred in interpreting Flowers and Richardson too broadly. We find defendants’ claim has merit. The court in Flowers held that payment to the husband of part of the medical expenses acknowledged the indebtedness only for the remainder of medical expenses, but did not interrupt prescription of the wife’s claim for personal injuries.[1]
We decline to further extend the narrow holding of Flowers. The payment to Mr. and Mrs. Collins was acknowledgment of the community’s claim for property damage.
For the above reasons, it is ordered that the writ be made peremptory. The lower court is ordered to sustain defendants’ plea of prescription and dismiss plaintiffs’ suit at their costs.
WRIT MADE PEREMPTORY.

. “Accordingly, the claims adjuster's acknowledgment of Mr. Flowers’ right to reimbursement for medical expenses did not interrupt prescription of his wife’s separate right to damages for her personal injuries.” Flowers v. U. S. Fidelity Guaranty Co., supra at page 383.