467 So.2d 600 (1985)
Albert FREDERICK, et al., Plaintiff-Appellant,
v.
AETNA LIFE & CASUALTY COMPANY, Defendant-Appellee.
No. 84-352.
Court of Appeal of Louisiana, Third Circuit.
April 10, 1985.
*601 Edwards, Stefanski and Barousse, Russell K. Zaunbrecher, Crowley, for plaintiff-appellant.
Martin and Taulbee, Terry Rowe, Liskow and Lewis, Charles B. Griffis, Lafayette, for defendant-appellee.
Before GUIDRY, LaBORDE and YELVERTON, JJ.
LaBORDE, Judge.
Plaintiffs, Mr. and Mrs. Albert Frederick, appeal from the trial court's judgment granting the defendant's exception of prescription and motion for summary judgment. We affirm.
The only issue presented by this appeal is whether the prescriptive period of plaintiffs' claim was interrupted by acknowledgment of that claim by defendant.

FACTS
The Fredericks are co-owners of a brick home in a rural area near Abbeville, Louisiana. On or about February 11th, or 12th of 1981, an oil company, in the course of exploring for oil and gas, performed seismic operations near their home. Subsequent thereto, plaintiffs experienced problems with their home indicating that these problems may have originated from the seismic operations. Plaintiffs claim the seismic operations, which use dynamite explosions in the process, caused cracks in the slab, pipe damage, and other damage to their home. The parties stipulated that on February 21, 1981, plaintiffs verbally complained to the oil company about the damages.
In addition to contacting the oil company, plaintiffs also made a claim to their insurance company, the defendant herein. At the time the damage was inflicted on their home, plaintiffs had, in full force and effect, a homeowners policy issued by the defendant. The record shows that the homeowners policy was endorsed and attached to a standard fire policy that was also issued to plaintiffs by defendant.
The next relevant fact is that on November 4, 1981, the claims adjuster for defendant sent a letter to plaintiffs' attorney, the contents of which are as follows:
"RE: Albert Frederick
Dear Mr. Edwards:
I have your letter of October 29, 1981.
I believe we may be able to finalize Mr. Frederick's claim with the receipt of a notarized statement giving the details of his loss. Please include times and dates so that we may proceed against the Teledyne Company which caused Mr. Frederick's damages.
I look forward to hearing from you.
Yours very truly,
s/David Powell
David Powell
Claim Department"
There is no evidence in the record that plaintiffs took any steps toward fulfilling the request for proof of the loss. The next action taken by plaintiffs was to file suit on April 16, 1982.

INTERRUPTION OF PRESCRIPTION
Plaintiffs' claim is subject to a one (1) year prescriptive period. See Grice v. Aetna Casualty and Surety Company, 359 So.2d 1288, 1291 (La.1978). It is clear *602 from the face of plaintiffs' petition that the suit was brought more than fourteen (14) months after inception of the loss. Generally, when a petition shows on its face that the prescriptive period has run, the burden is on the plaintiff to prove interruption of the prescriptive period. Emery v. Cabral, 400 So.2d 340, 342 (La.App. 4th Cir.), writ denied, 405 So.2d 533 (La.1981).
Plaintiffs contend that the letter mailed to their attorney by defendant's claims adjuster was an acknowledgment of the debt owed sufficient to interrupt the running of prescription. They rely heavily on Richardson v. Louisiana Farm Bureau Mutual Insurance Co., 393 So.2d 200 (La.App. 1st Cir.1980), writ denied, 398 So.2d 529 (La.1981). Plaintiffs' reliance on Richardson is misplaced.
In Richardson, there was an oral offer and an oral acceptance of a compromise agreement. Although the oral compromise agreement was unenforceable, La.Civ.Code art. 3071, the court concluded that it met the requirements of an acknowledgment of the debt and thereby interrupted the prescriptive period. In the instant case, the parties reached neither a settlement nor a compromise. The letter of November 9, 1981, was a mere step in settlement negotiation and cannot, in any respect, be considered a compromise agreement.
We note that an acknowledgment need not be in the form of a compromise agreement and, for that matter, it need not be in any particular form. La.Civ.Code art. 3464; Flowers v. U.S. Fidelity & Guaranty Co., 381 So.2d 378, 382 (La.1979). However, the acknowledgment must contain a clear intent to interrupt the running of prescription. Marathon Insurance Company v. Warner, 244 So.2d 353, 355 (La. App. 2d Cir.1971). Due to the fact that candid and good faith settlement negotiations should be encouraged as a matter of public policy, Trainer v. Aycock Welding Company, 421 So.2d 416, 417-18 (La.App. 1st Cir.1982), we find that defendant's letter of November 9, 1981, is merely recognition of plaintiffs' claim which may be finalized upon proof of the damage incurred. The letter was merely one step in the negotiation process and did not acknowledge any debt owed to plaintiffs.

DECREE
For the foregoing reasons, the judgment of the trial court granting the defendant's exception of prescription and motion for summary judgment is affirmed. All costs of this appeal are assessed against the plaintiff-appellant.
AFFIRMED.